Aug. 10,
1876.          BELL v. LAMPREY.

*Statute of limitations—Insolvent laws.*

The six years' residence within the state necessary to create a bar under the statute of limitations, must be years of three hundred and sixty-five days each, excepting leap year, which must have three hundred and sixty-six days.

By the General Statutes of Massachusetts, ch. 118, sec. 76, a debt will not be barred by the discharge in insolvency, unless contracted by the debtor within the state and while an inhabitant of the state.

FROM ROCKINGHAM CIRCUIT COURT.

ASSUMPSIT on a promissory note, of which the following is a copy :

HAVERHILL, July 7th, 1857.

Two months after date, I promise to pay to the order of Joseph Fitts eleven hundred dollars. Value received.

J. S. L.

Endorsed,  J. F.                          E. P.

It was admitted that the plaintiff of record had no interest in the note, which had been endorsed to enable him to commence the suit in his own name, and that Joseph Fitts had been all the time a citizen of Massachusetts.

The defence was (1) the statute of limitations; (2) a discharge under the insolvent law of Massachusetts. The facts in regard to the statute of limitations were, that the defendant was not openly and notoriously in the state of New Hampshire for the space of six years during the time between the maturity of the note and the date of the writ; also, that, reckoning by the number of secular days in the year, he was so present more than six years during the same time; also, that, reckoning by the number of business hours in a day, he was so present in the state more than six years.

In regard to the discharge in insolvency, it appeared that at the time of making the note, which was made in Massachusetts, the defendant was a citizen of New Hampshire; that at the time of the commencement of the proceedings in insolvency, and until his discharge, he was a citizen of Massachusetts; that the plaintiff had other notes against the defendant which were proved in insolvency, but that the note in suit was not so proved. There being no assets, the defendant could not have his discharge without the written assent of a certain portion of his creditors. The plaintiff signed such assent. The assent was in the following terms :

" The subscribers, creditors of the said insolvent debtor, whose claims have been proved and allowed against his estate, hereby signify their assent to his receiving his certificate of discharge."

The certificate of discharge purported to discharge the defendant from all his debts, which have or shall be proved against his estate, and which are founded on any contract made by him within the state, or to be performed within the same, made since the last day of July, 1838, and from all debts which are provable as aforesaid, and which are founded on any contract made by him since that date and due to any persons who are resident within the commonwealth, being the day of the first publication of notice of the warrant for the seizure of the defendant's estate. This certificate was substantially the same as that provided by the original insolvent law of Massachusetts, passed in 1838, and corresponded substantially with that part of the law of 1838 quoted below, which defined and determined the effect of the discharge.

That law originally contained this clause : " The debtor shall be thereupon wholly and absolutely discharged from all his debts which shall at any time be actually proved against his estate assigned as aforesaid, and from all debts which are provable under this act and which are founded on any contract made by him after this act shall go into operation, if made within the commonwealth or to be performed within the same ; and from all debts which are provable as aforesaid, and which are founded on any contract made by him after this act shall go into operation, and due to any person who shall be resident within the commonwealth at the time of the first publication," &c.

By Statute 1855, ch. 363, it was provided that " No person shall hereafter take the benefit of the insolvent laws, who was not, at the time the debts from which he seeks to be discharged were contracted, an inhab-

itant of the state, and who is not, also, at the time of instituting the proceedings for the purpose of taking the benefit of said acts, an inhabitant of this state."

No change was made by this statute in the form of the certificate, or in that part of the statute of 1838 which declared the effect of a discharge, so that any person who could bring himself within this statute so as to take the benefit of the insolvent laws would, if discharged, be as fully discharged as before that statute.

By the General Statutes, enacted in 1859, ch. 118, sec. 17, it was provided that "Any inhabitant of this state, owing debts contracted *while such inhabitant*," &c., "might apply," &c.

By the same act, sec. 76, it was provided that the debtor should be discharged " from all debts provable under this chapter, and founded on any contract made by him subsequently to the last day of July, 1838, and while an inhabitant of this state, if made within this state to be performed within the same, or due to any person resident therein at the time of the first publication of the notice of the issuing of the warrant."

The form of the certificate of discharge was not substantially altered.

The defendant's proceedings in insolvency were commenced and completed under General Statutes of Massachusetts, ch. 118 ; and the question which arose was as to the effect of his discharge under this statute.

The case was transferred by RAND, J., with the provision that for certain specified purposes, at the election of either party, the case should be discharged and the action stand for trial, otherwise judgment should be ordered in accordance with the finding of the court on the statement of facts contained in the printed case.

*Marston, Small & Wiggin*, for the defendant.

*Hatch* and *Charles U. Bell*, for the plaintiff.

CUSHING, C. J.    This case has been argued at great length and with great ability by the counsel on each side.    In the view taken of the case, the points taken by counsel will become apparent.    Under the decision in this case, reported in 52 N. H. 41, on the statute of limitations, the only question which arises is as to the computation of time. The defendant contends that as no service could be made on Sunday, the Sundays should not be taken into consideration in ascertaining the number of years during which he had been present in the state openly and notoriously, so that the year would consist of three hundred and thirteen days instead of three hundred and sixty-five, or of hours enough to make three hundred and sixty-five days of ten hours each.

In the case of *Bennett* v. *Cook*, 43 N. Y. 537, 3d Am. R. 727, this very point was substantially decided.    In that case the defendant, being resident in New Jersey, had for seven years done business in the city

of New York for about the same length of time each day, and except a very few days when absent from sickness or unavoidably detained, for upwards of seven years. He went to New York city openly and publicly, had his office there with his name thereon, and had no other place of business. During all that time, however, he resided in Jersey City. Reckoning ten hours to the day, and omitting the Sundays, he would have made out the six years' presence in New York; but it was held that the statute had not barred the claim. The principle of that decision, if I can understand it, is, that the time necessary to bar the claim must be six whole years of three hundred and sixty-five days in common years, and three hundred and sixty-six in leap years. I think the same principle determines this case, and that the action was not barred by the statute of limitations.

It seems sufficiently clear, also, that, according to provisions of the Massachusetts insolvent law, in force at the time of the defendant's proceedings in bankruptcy, the certificate did not bar this debt, because, although it might come within the terms of the certificate, it does not come within the terms of the statute limiting and determining the effect of the discharge. This section in the statute succeeds that in which the form of the certificate is enacted, and I think must be construed to control and limit the certificate.

Against this view is cited the case of *Breed* v. *Lyman*, 4 Allen 170. This case was decided after the passage of Gen. Stats., ch. 118, but, as I understand the case, on facts arising before, and the effect of which was determined under the statutes in existence at the time.

As I understand that case, it was objected that no person under the statute of 1855 could take the benefit of the insolvent laws, who was not, at the time *all* the debts from which he sought to be discharged were contracted, an inhabitant of the state. It was held by the court that it was sufficient if *some* of the debts were so contracted. The defendant having thus brought himself within the category of those who might apply, the effect of his discharge was governed by the law as it was when he commenced his proceedings, and the debt in suit was held to be barred.

The court fortified its construction by referring to sec. 16, ch. 118, Gen. Stats., which determined who might apply for the benefit of the law, but did not in any way allude to the effect of section 76 upon the discharge. The case of *Breed* v. *Lyman*, therefore, cannot be cited as an authority on the effect of the discharge, under General Statutes, ch. 118.

The debt in suit was not a contract made while the defendant was an inhabitant of the state of Massachusetts, and is not embraced in section 76 of the General Statutes of Massachusetts, ch. 118, and is not barred by the discharge.

It is also said for the defendant that the plaintiff assented to his discharge; but I cannot understand that the assent goes any further than the discharge. By its terms I do not understand that the subscribers recite that all their claims have been proved, but that they have some

claims which have been proved and allowed; and the assent must, I think, be understood to be limited to the legal effect of the discharge.

It is also said that the plaintiff, by proving some claims, has come in voluntarily to take the benefit of the act, and therefore waived his right to object to the discharge of the claims not proved. I do not think that a party resident within the state, and subject to its process, can be said to come in voluntarily. If he lived without the jurisdiction, where the process of the court could not run, it might with truth be said that, if he came in, he came in voluntarily; and in such case he might well be held to have waived his objection.

It is also said that it would operate as a fraud upon the other creditors to permit the plaintiff, after assenting to the discharge, to hold back a part of his claims, because it would lead them to suppose that he had assented to a complete discharge when he had not; and that class of cases is cited where it is held that creditors, parties to a compromise with a debtor, cannot lawfully stipulate for advantages over other creditors. I think, however, those cases do not apply, because I think that all the creditors must be taken to have understood and signed the assent in its legal acceptation.

The defendant's counsel, at the end of their last brief, suggest that the discharge in *Breed* v. *Lyman* was granted July 16, 1860, after the general statute alluded to went into operation. I think, however, that the case of *Breed* v. *Lyman* assumes that the effect of the discharge must depend upon the law in force at the time the proceedings in insolvency were commenced.

I have, therefore, not undertaken to investigate that question, though it certainly seems to me, on general principles, difficult so to construe these statutes as to make the insolvent's discharge less effective when it was granted than it would have been by law as existing at the time of his application.

It is also objected by the plaintiff, that, according to the defendant's construction of the statute, it would be not in accordance with the constitution of the United States. That construction not having been adopted, the question of constitutionality does not arise.

There should be judgment on the report of the referee for the plaintiff, unless the defendant elects a trial.

Ladd and Smith, JJ., concurred.

*Case discharged.*