SUSANNAH BENNETT, Respondent, *v.* ALFRED S. COOK, impleaded, &c., Appellant.

The statute of limitations is no defence to an action at° law on a draft, brought seven years and five months after the cause of action accrued, against a party residing in Jersey City, though doing business in the city of New York, having his office there and being there openly ten hours in the day-time of every business day.

If the statute runs at all during the presence of a non-resident within the State, such presence must, in any view of the case, amount in the aggregate to six years to render the defence available.

(Argued January 26, and decided January 31, 1871.)

APPEAL from the Superior Court of the city of New York, affirming a judgment upon a verdict at the trial term.

The action was commenced May 30th, 1868, seven years and five months after the draft matured.

The statute of limitations is pleaded by the defendant, Alfred S. Cook.

On the day the bill matured, the defendants all resided out of the State, but on the day following, the defendant, Alfred S. Cook, "came into the city, county, and State of New York, openly and publicly, and so that he might have been served with process in any civil action, and so openly and publicly remained in said city, county and State, during the entire business day, and from that time till the commencement of the action, he had an open and public place of business in said city of New York, with his name upon the door, and has attended at said business place in an open and public manner on every business or secular day since that time," and during the full business day from eight o'clock A. M., until six o'clock P. M.

During all that time the defendant, A. S. Cook, resided with his family in Jersey City, and returned to his home each night after business hours, and returned thence to his place of business in New York, openly and publicly, on the morning of each secular day, excepting a very few days when absent on business, and had no other place of business than in New York. The plaintiff had judgment below.

*Nathaniel C. Moak,* for the appellant.

*Samuel Hand,* for the respondent.

By the Court—PECKHAM, J. Upon the facts in this case, there is no theory in the law, which can maintain this plea.

At the time the draft in suit was protested in New York city, for non-payment, the defendant was a non-resident of this State. He returned to the city the next day thereafter, and remained there from about eight in the morning until six

in the evening, and then returned to his residence in Jersey City, and thus he continued to return to the city of New York for about the same length of time, each day except Sundays, and except a very few days when absent from sickness, or unavoidably detained, until this suit was commenced, being for about seven years and over. He went to New York City, openly and publicly; had an office there with his name thereon, and had no other place of business. During all that time, however, he resided with his family in Jersey City.

The counsel for the defendant insists that the time which the defendant was actually in the city of New York, should be allowed as so much time running under the statute.

If that should be allowed it makes no defence. He was not only a resident of New Jersey, but he was actually in that State more than half of the seven years. He was in New York at no time more than ten of the twenty-four hours of each day. The authorities have been fully referred to, and ably discussed. But there can be no pretence for claiming the allowance of more than ten of the twenty-four hours each day for the running of the statute, if he can be allowed any time at all, when a non-resident of the State, and as that makes no defence, there is no occasion to decide anything more.

Judgment affirmed with costs.