HENRY H. FOWLER and Another, Respondents, *v.* ZILLAH H. WOOD, Appellant, and Another.

*Statute of Limitations — a bar to an action on a mortgage and not to one on the bond — acts solely on the remedy — suspended as to only one of two persons liable on the same obligation — construction of a statute — not restrained by arbitrary addition or retrenchment.*

A mortgage and the cause of action thereon are subject to the dealings and acts of the debtor with reference to the debt, but the Statute of Limitations may have run against a cause of action upon a mortgage, although an action could be maintained upon the bond to which it is collateral.

The provision of the Code of Civil Procedure that if, after a cause of action has accrued against a person, he departs from the State, the time of his absence is not a part of the time limited for the commencement of the action, has reference solely to the cause of action against the person who departs from the State, and does not suspend the operation of the statute as to a person liable on the same cause of action, who continues to reside within the State, nor does it extend the time generally within which an action may be brought for the recovery of a debt, or the enforcement of a security collateral to a debt. It affects solely the remedy against the person who departs from the State.

The Statute of Limitations does not discharge a debt, but acts solely upon the remedy, and no exception from its operation can be claimed unless such exception is expressly mentioned in the statute.

The general words of a statute must receive a general construction, and unless there can be found in the statute itself some ground of restraint, it cannot be restrained by arbitrary addition or retrenchment.

APPEAL by the defendant, Zillah H. Wood, from a judgment of foreclosure and sale of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Westchester on the 17th day of August, 1893, upon the decision of the court rendered after a trial at the Westchester Special Term, and also from such decision entered in said clerk's office on the 12th day of August, 1893.

*A. J. Adams,* for the appellant.

*Close & Robertson,* for the respondents.

BROWN, P. J.:

The only question necessary to discuss upon this appeal is whether the cause of action upon the mortgage in suit is barred by the Statute of Limitations.

The following facts appear from undisputed evidence, or were found by the trial court : Prior to the 3d day of March, 1856, Squire Wood, the husband of the appellant, was indebted to the respondents in the sum of $5,000. To secure payment of a part of such debt, Cyrus M. Ferris, a brother-in-law of Wood, on the date aforesaid, executed and delivered to the respondents his bond, conditioned to pay $750 three years after date, with interest, and as collateral security for the payment of said bond the mortgage in suit was executed by the appellant, who was the owner of the mortgaged property. In 1872 Ferris removed from this State to Connecticut, where he died in about the year 1891.

Wood paid $250 upon the principal of the bond and the interest thereon each year until March, 1890. He died in July, 1892. No payment of principal or interest was ever made by the appellant, nor did she ever authorize any one to make any payment on her behalf.

This action was commenced in 1893. Wood and Ferris joined in the execution of the mortgage, but Mrs. Wood assumed no personal liability for the debt.

The cause of action upon both bond and mortgage was complete on March 3, 1859. It was clearly outlawed at the time this action was commenced, unless the facts appearing in evidence bring it within some of the exceptions of the Statute of Limitations.

As to Ferris and the cause of action existing against him upon the bond, the operation of the statute was suspended during the period subsequent to his removal from the State. And the claim is made that the mortgage could be enforced as long as there was a valid, enforcible cause of action upon the bond. The respondents cite two cases to sustain this proposition. (*Heyer* v. *Pruyn*, 7 Paige Ch. 465; *N. Y. Life Ins., etc., Co.* v. *Covert*, 3 Abb. Ct. App. Dec. 350.)

Neither of them touches the question here presented. In *Heyer* v. *Pruyn* there was a recognition of the mortgage as a valid incumbrance by an owner of the mortgaged property within twenty years preceding the commencement of the action, and all that was decided in that case was that a subsequent purchaser was bound by such acknowledgment.

*N. Y. Life Ins., etc., Co.* v. *Covert* discussed only the question of

presumption of payment. The Statute of Limitations does not appear to have been pleaded. The court held that the presumption of payment, arising after the lapse of twenty years, was not available to the owner of the equity of redemption to defeat a foreclosure of a mortgage where the mortgagor had made payments within twenty years of the commencement of the suit, although not the owner of the property at the time of making such payments.

Judge GROVER says, in the course of his opinion, that the mortgage would continue until the debt was in some manner discharged, unless released from the lien by some act of the holder of the mortgage; but this remark was made in discussing the application to the facts of the rule of presumption of payment, and does not necessarily apply to the Statute of Limitations.

*Hughes* v. *Edwards* (9 Wheat. 489), referred to in the cases cited, was also a case of presumption of payment.

These cases sustain the proposition that the mortgage and the cause of action thereon are subject to the dealings and acts of the debtor with reference to the debt, but they are not authority for the broad proposition that the Statute of Limitations does not run against a cause of action upon a mortgage as long as an action can be maintained upon the bond to which it is collateral. And the facts of this case, in my judgment, present a case where the cause of action on the mortgage has been lost while that upon the bond remains. The obligor never did any act with reference to the debt which took it out of the operation of the statute, and in this respect the case here presented is different from those cited.

The only payments ever made upon the bond and mortgage were made by Squire Wood. While the debt secured was originally his, he was not liable upon the bond or mortgage. He did not sign the bond, and the land mortgaged belonged to his wife, and the only personal covenant in the mortgage is that of Ferris. No payment was ever made on the bond by Ferris, and none by the appellant. Payments of principal and interest by Wood would not arrest the operation of the statute.

The bond matured on March 3, 1859. At that date the cause of action upon both bond and mortgage was complete, and the Statute of Limitations began to run against it. Nothing appears in the evidence to arrest the operation of the statute as to the appellant except

the fact that before the expiration of twenty years Ferris removed from the State. This act suspended the running of the statute as against him. Whether it also suspended the statute as to the cause of action against the owner of the mortgaged property is a question that, so far as my examination goes, has not prior to this case been decided in this State.

The answer to the question, I think, is to be found in the statute itself.

The Statute of Limitations does not discharge a debt, but acts upon the remedy solely ( *Waltermire* v. *Westover*, 14 N. Y. 16–20), and no exception from its operation can be claimed, unless it is expressly mentioned in the statute. (*Bucklin* v. *Ford*, 5 Barb. 394; *Levy* v. *Newman*, 130 N. Y. 11–14.)

" General words of a statute it is considered must receive a general construction, and unless there can be found in the statute itself some ground of restraining it, it cannot be restrained by arbitrary addition or retrenchment." (*Bucklin* v. *Ford, supra.*)

The Code of Civil Procedure provides (§ 381) that an action upon a sealed instrument must be commenced within twenty years after the cause of action accrued, but if after a cause of action has accrued against the person he departs from the State, etc., the time of his absence is not a part of the time limited for the commencement of the action. (§ 401.) This provision very plainly has reference solely to a cause of action against the person who departs from the State. It does not suspend the operation of the statute as to a person liable on the same cause of action who continues to reside within the State, nor was it intended to extend the time generally within which an action might be brought for the debt or the enforcement of a security collateral to the debt. It affects the remedy solely against the person who departs from the State. The appellant and Ferris were both liable to the plaintiffs, but their liability existed upon separate contracts and upon separate instruments. True, no action could be sustained on the mortgage without proof of the existence of the debt, but a sale of the mortgaged property would not have discharged the bond or released Ferris from his liability. In this respect the causes of action were separate and distinct. Ferris' liability was personal, while the appellant's was confined to the land mortgaged. Ferris was not a necessary party to a fore-

## 308 FOWLER *v.* WOOD.

closure of the mortgage, and the appellant could not be sued personally for the debt.

Assuming, however, that the two causes of action were so far connected and dependent that Ferris could by payment or acknowledgment have kept alive the debt on the bond, and thus have taken out of the operation of the statute the cause of action on the mortgage, no such case is presented. He never did any act with reference to the debt after the execution and delivery of the bond. His presence in or absence from the State was not material to the foreclosure of the mortgage, and did not affect the cause of action therefor in the slightest degree. Suppose he had been a non-resident at the date of the bond and mortgage and had never made a payment on it; would the statute never run against the mortgage? No reason is apparent to my mind why the fact of his removal from the State should suspend the operation of the Statute of Limitations as to the mortgage. The statute does not in terms declare such to be the effect, and it neither operated as an acknowledgment of the existence of the debt, nor affected the remedy on the mortgage.

To hold, therefore, that the statute did not run against the cause of action upon the mortgage, is to restrain its operation by an arbitrary addition to it. The conclusion here reached is supported by decisions in other States. (2 Jones on Mort. §§ 1210, 1211, 1212 and cases cited in notes.)

In my opinion the bar of the statute was complete at the commencement of the action, and the judgment should be reversed and a new trial granted, costs to abide the event.

PRATT, J., concurred; DYKMAN, J., not sitting.

Judgment reversed and new trial granted, costs to abide event.