ADRIANNA E. SIMONSON, as Executrix, etc., of ABRAHAM NAFIS, Deceased, Respondent, *v.* ESTHER E. NAFIS and ABRAHAM T. NAFIS, her Husband, Appellants, Impleaded with FRANK SEEMAN.

*Mortgage foreclosure — Statute of Limitations — absence of a mortgagor from the State — possibility of service by publication.*

Under section 401 of the Code of Civil Procedure, the period during which a mortgagor of real property is absent from the State is not a part of the time limited for the commencement of an action to foreclose the mortgage; the fact that such an action may be instituted by service of the summons by publication does not limit the effect of that section.

APPEAL by the defendants, Esther E. Nafis and Abraham T. Nafis, her husband, from a judgment of the County Court of Queens county in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 2d day of November, 1898, upon the decision of the court rendered after a trial at a term of said County Court.

*Andrew F. Van Thun, Jr.*, for the appellants.

*Edward V. Slawson*, for the respondent.

CULLEN, J.:

This action was brought to foreclose two mortgages executed by the defendants, and subsequently acquired by the plaintiff's testator. The defense was the Statute of Limitations. As to the first bond and mortgage, that was concededly saved by proof of payment of interest within twenty years before the commencement of the action; and the question presented on this appeal arises solely with reference to the second mortgage. No payments were made of either principal or interest on account of this mortgage within the statutory period. But it was shown that the defendants, long before the bar of the statute accrued, removed from the State and continued to reside without it. Section 401 of the Code of Civil Procedure provides: "If, after a cause of action has accrued against a person, he departs from the State, and remains continually absent therefrom for the space of one year or more,  *  *  *  the time of his absence or of such residence  *  *  *  is not a part of the time limited for the commencement of the action." The appellants concede that under this section their absence from the State prevented the Statute of Limitations from running against their personal liability on the bond, but contend that it did not prevent the outlawry of the mortgage. The claim is that section 401 does not apply to the foreclosure of a mortgage, because in such an action the court by publication can acquire jurisdiction of a defendant whether he is within or without the State. The section is comprehensive in its terms and includes all limitations of time prescribed in the Code; and the period in which an action for foreclosure of a mortgage must be brought is governed by section 381 of the Code. (*Hulbert* v. *Clark*, 128 N. Y. 295.) The argument that the court may proceed against the defendants by publication is not sufficient to limit the effect of section 401. The statute does not run in favor of a defendant who resides in an adjoining State, even though he is daily present and carries on business within this State (*Bennett* v. *Cook*, 43 N. Y. 537); nor in favor of a foreign railroad corporation which operates a railroad within this State and has constantly property subject to the jurisdiction of the courts. (*Rathbun* v. *Northern*

*Central Ry. Co.*, 50 N. Y. 656.) Certainly jurisdiction of the defendants in the two cases cited could have been as readily obtained as in the case of a non-resident defendant in a foreclosure suit, yet this fact was held not sufficient to take their cases out of the exception prescribed by section 401.

The only case which sustains the appellants' claim is that of *Anderson* v. *Baxter* (4 Oreg. 105). In that case the exact question was decided in the appellant's favor. However, with the greatest respect to the court in Oregon, I am unable to see any satisfactory ground on which the decision is placed. It is said that a mortgage foreclosure is in effect a proceeding *in rem*, but such is not the law in this State. It is suggested that the absence of the defendants from the State did not prevent the mortgagee from prosecuting his remedy or render it less effectual. This, however, was the argument in the *Bennett* and *Rathbun* cases, but it was not sustained. Finally the court says: "If the absence of the mortgagors in this case prevented the Statute of Limitations from running, then the same result would have followed if the premises had been sold to defendant the next day after the execution of the mortgage, and he had gone into possession and remained in possession thereof; and, in fact, the statute would never run so long as the mortgagors should remain away from the State." While the mortgagor continues to own the mortgaged property I see nothing unreasonable in the proposition that the mortgage should remain effective as long as the bond can be enforced. This principle, however, would not apply after the mortgagor alienated the property. From that time the bondsman and the owner of the equity of redemption would have different interests and be subject to different liabilities. The relation between those parties would then be that of principal and surety, the question whether the bondsman is surety or principal depending on whether the land, on its alienation, had been charged with the payment of the mortgage or not. Where such relation exists, a payment or new promise by one of the parties does not prevent the statute from running against the other. (*Winchell* v. *Hicks*, 18 N. Y. 558; *McMullen* v. *Rafferty*, 89 id. 456; *Murdock* v. *Waterman*, 145 id. 55.) The similar rule obtains that the absence of one joint debtor from the State does not prevent the statute from running against his co-debtor, nor the presence of one debtor within

the State give the absent debtor the immunity of the statute. (*Denny* v. *Smith*, 18 N. Y. 567.) This is the ground upon which *Fowler* v. *Wood* (78 Hun, 304) proceeded. In that case the mortgagor made the mortgage to secure the payment of the bond of a third party. It was held that the absence of the bondsman from the State did not prevent the statute from running in favor of the mortgagor and owner of the land. But there is nothing in the decision nor in the opinion of the court to support the claim that the statute would run in favor of a mortgagor or owner of the equity of redemption who was absent from the State. The doctrine on which the judgment of the court below proceeded, therefore, entails no such unreasonable results as seem to have been feared by the court of Oregon, and we must decline to follow the decision of that court.

The judgment appealed from should be affirmed, with costs.

All concurred.

Judgment affirmed, with costs.