### WETYEN v. FICK et al.

(Supreme Court, Appellate Division, First Department. January 8, 1904.)

**1. SUBMISSION ON AGREED FACTS—INFERRING FACTS.**

On submission of a controversy, though it is agreed that defendants collected the rents and profits of premises, it cannot be inferred that there was an actual occupant of the premises, against whom, under Code Civ. Proc. § 1597, action for dower could be maintained.

**2. LIMITATIONS—ACTION FOR DOWER.**

Code Civ. Proc. § 1596 (contained in article 3 of title 1 of chapter 14, which chapter is entitled "Special Provisions Regulating Actions Relating to Property," and which article relates exclusively to actions for dower), provides that such an action must be brought within 20 years of the husband's death; but if the widow at his death is (1) a minor, or (2) insane, or (3) imprisoned for a term less than life, the time of such disability is not part of the time so limited; and if at any time before the claim is barred by such lapse of 20 years such claim of dower is recognized in a certain way, the time prior to such recognition shall not be part of the time limited. Section 401 (contained in chapter 4, entitled "Limitation of the Time of Enforcing a Civil Remedy, which chapter enumerates numerous actions and classes of actions, embracing the great majority of civil actions, but not actions for dower, and prescribes the limitations of time for commencing them), provides that when, at the time a cause of action accrues against a person, he is without the state, or if he afterwards is out of the state for more than a year, the time of his absence is not part of the time limited for commencement of the action. Section 414 (being the last section of chapter 4) provides that the provisions of the chapter apply, and constitute the only rules of limitation, except in a case where

a different limitation is specially prescribed. *Held*, that section 1596 is an exclusive statute of limitations in actions for dower, and section 401 does not apply thereto.

Van Brunt, P. J., dissenting.

Submission of controversy on an agreed statement of facts between Adeline Wetyen, plaintiff, and Peter W. Fick and another, defendants. Judgment for defendants.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

David D. Ackerman, for plaintiff.

Henry H. Pierce, for defendant.

LAUGHLIN, J. The controversy between the parties is not clearly stated, but it is evident that the plaintiff claims dower in the premises described, which are situated in the county of New York, and that her right to dower and the method of admeasuring the same are disputed by the defendants. The principal question is whether or not the statute of limitations has run against her cause of action for dower. Her husband died on the 29th day of March, 1863, seised in fee simple of the premises. She made no demand or claim for dower until the 24th day of March, 1903. Her deceased husband resided in New Jersey at the time of his death, and left a last will and testament, which was duly admitted to probate in the Orphans' court in Bergen county, N. J., on the 10th day of April, 1863, and a certified copy thereof was duly recorded in the office of the clerk of the county of New York on the 29th day of September, 1879. The testator left four children. He bequeathed to the plaintiff an annuity of $1,200 per annum for the support and maintenance of herself and children until his youngest child should arrive at the age of 21 years. After providing for the payment of his debts, funeral expenses, and the annuity, and certain other annuities, he gave the rest, residue, and remainder of his estate, both real and personal, to his children, share and share alike, upon the youngest attaining the age of 21 years, with a provision that upon the death of any child without issue before attaining the age of 21 years his or her share should go to the surviving children. Two of the children died without issue before attaining their majority. One of the two surviving children subsequently conveyed his interest to his sister, who died intestate on the 19th day of July, 1880, leaving, her surviving, her husband and her daughter, her only heir at law; and they are the sole defendants. If the plaintiff is not entitled to dower, it appears that the defendant Peter W. Fick is a tenant by the curtesy of the entire premises, and that the other defendant owns the remainder. It thus appears that 40 years, less 5 days, elapsed between the death of the plaintiff's husband and the time she first asserted a claim to dower in the premises.

The defendants contend that section 1596 of the Code of Civil Procedure furnishes an exclusive rule of limitations governing the commencement of actions for dower, and that, inasmuch as the plaintiff was not within any of the exceptions or disabilities therein specified which extend the time, the action cannot be maintained, for the reason that it was not commenced within 20 years after the death of the

plaintiff's husband. It is not shown or claimed that the plaintiff was at any time within any of the disabilities or exceptions specified in that section. If that section was intended as an exclusive rule of limitations applicable to actions for dower, then the contention of the defendants must be sustained. The plaintiff, however, claims that section 401 of the Code of Civil Procedure is applicable to actions for dower. That section is contained in chapter 4 of the Code of Civil Procedure, entitled "Limitation of the time of enforcing a Civil Remedy," and it provides, among other things, that where, at the time a cause of action accrues against a person, he is without the state, the action may be commenced within the time limited therefor after his return into the state; and if, after a cause of action accrues against a person, he departs from the state, and remains continuously absent therefrom for one year or more, the time of such absence is not a part of the time limited for the commencement of the action. On the day of the death of the testator the parties and the deceased children were and resided in the state of New Jersey, and they thereafter resided and remained there, with the exception that the plaintiff and her four children resided in the state of New York for a period of about eight years immediately after the death of her husband and the defendants resided in the state of New York for a period of about one year after the 19th day of July, 1880. The defendants, since 1880, have claimed and collected the rents and profits, and are now in possession of the premises claiming title thereto, and the taxes and water rates have been paid by them and their predecessors in title. It does not otherwise appear whether the premises have been actually occupied, or by whom. On submissions we are not at liberty to infer facts, and consequently it may not be assumed that there was an actual occupant of the premises against whom the action might have been maintained within 20 years after the testator's death under section 1597 of the Code of Civil Procedure without making the defendants parties. The case must, therefore, be considered upon the theory that the defendants or their predecessors in title were necessary parties under the section of the Code last cited. It thus appears that, if the provisions of section 401 are applicable, the statute of limitations has not run against the plaintiff's right of action for dower. Numerous actions and classes of actions embracing the great majority of civil actions—but not actions for dower—are enumerated in said chapter 4 of the Code of Civil Procedure, and the limitation of the time for commencing the same is therein prescribed. Section 401, although contained in that chapter, is not, strictly speaking, a statute of limitations. It merely excepts from the operation of the statutes which it is intended to apply for the period specified causes of action against persons who are without the state when the action accrues or who thereafter depart from the state, and remain absent for at least a year, or reside within the state under a false name without the knowledge of the person entitled to maintain the action.

Section 414 of the Code of Civil Procedure, being the second last section of chapter 4, provides that the provisions of that chapter "apply, and constitute the only rules of limitation applicable, to a civil action or special proceeding," except in a case "where a dif-

ferent limitation is specially prescribed by law or a shorter limitation is prescribed by the written contract of the parties," and except, also, certain other cases, which concededly have no application to the question before us. Section 1822 of the Code of Civil Procedure provides that, where an executor or administrator disputes or rejects a claim, unless the written consent of the parties for the determination of the claim by the surrogate shall be filed, the claimant must commence an action for the recovery thereof within six months after the dispute or rejection, or, if no part is then due, within six months after a part thereof becomes due. This section contains no exception on account of disability, or absence from the state or otherwise, to the running of the six-months statute of limitations. It has been held that the cases therein enumerated fall within the exception quoted from section 414, and that, therefore, section 1822 is the statute of limitations which governs, but that section 401 is also applicable to such actions, and that, consequently, the statute does not run during the period excepted by section 401. Hayden v. Pierce, as Executrix, 71 Hun, 593, 25 N. Y. Supp. 55, affirmed 144 N. Y. 512, 39 N. E. 638. In Titus v. Poole et al., 145 N. Y. 414, 40 N. E. 228, where an action for fraud had been brought against executors upon a rejected claim within six months, as prescribed in section 1822, and the plaintiff was nonsuited, it was held that section 405, which is contained in said chapter 4, was applicable, and that a new action upon the claim upon the theory of a warranty might be commenced within one year after the determination of the first action. In Simonson v. Nafis, 36 App. Div. 473, 55 N. Y. Supp. 449, the court, speaking of section 401 of the Code of Civil Procedure, say, "The section is comprehensive in its terms, and includes all limitations of time prescribed in the Code," but the point decided in this case was that this section applied to an action to foreclose a mortgage, the limitation for commencing which is prescribed in section 381, being the same chapter of the Code. In Fowler v. Wood, 78 Hun, 304, 28 N. Y. Supp. 976, affirmed on opinion below 150 N. Y. 584, 44 N. E. 1124—which was also an action to foreclose a mortgage, the limitation for bringing which was prescribed in said chapter 4—the point decided was that the suspension of the running of the statute of limitations on a cause of action against a person who is absent from the state did not sustain the running of the statute against another liable on the same cause of action who remains within the state. In Hamilton v. Royal Insurance Company, 156 N. Y. 327, 50 N. E. 863, 42 L. R. A. 485, the only point decided was that section 399 of the Code of Civil Procedure, which provides that an attempt to commence an action in a court of record by delivering the summons to a sheriff with directions to serve it applies in determining whether an action on an insurance policy has been commenced within the stipulated time. The time for bringing that action was fixed by the written contract of the parties, and therefore the limitation of time was within the exception prescribed in said section 414. The court therefore merely held that in determining whether the action was commenced within the stipulated time, section 399, which prescribes what shall be deemed the commencement of an action for

the purpose of the running of the statute of limitations, was applicable. These are the cases upon which the plaintiff relies, and we are of the opinion that none of them is controlling upon the question at bar. Section 1596 is contained in article 3 of title 1 of chapter 14 of the Code, which chapter is entitled "Special Provisions Regulating Actions Relating to Property," and said article 3 relates exclusively to actions for dower. The language of the section is significant as indicating that it was intended as an exclusive statute of limitations in actions for dower. It is first prescribed that such an action must be commenced by the widow within 20 years after the death of her husband; and then it provides that, if she is "at the time of his death either (1) within the age of twenty-one years, or (2) insane, (3) imprisoned on a criminal charge or in execution upon conviction of a criminal offense for a term less than for life," that the time of such disability shall be excluded from the time limited for commencing the action. It further provides that if at any time before the claim of dower has become barred "by the above lapse of twenty years, the owner or owners of the land subject to such dower being in possession shall have recognized such claim of dower by any statement in a writing under seal subscribed and acknowledged in the manner entitling a deed of real estate to be recorded, or if by any acknowledgment or decree of a court of record within the same time and concerning the land in question, wherein such owner or owners were parties, such right of dower shall have been distinctly recognized as a subsisting claim against such lands, the time after the death of her husband and previous to such acknowledgment in writing or such recognition by judgment or decree is not a part of the time limited by this section." The first part of the section, specifying the limitation and the exception relating to age, insanity, and imprisonment on a criminal charge or conviction, was taken from the Revised Statutes, and the latter part of the section was added by chapter 277, p. 344, of the Laws of 1882. Note to Throop's Code, 1902. The time within which an action for dower might be instituted was not limited either at common law or by the Revised Laws. Sayre v. Wisner, 8 Wend. 661; Ward v. Kilts, 12 Wend. 137; 1 Rev. Laws 1813, p. 60, § 1. The first limitation was prescribed by the Revised Statutes (1 Rev. St. 742, p. 2, c. 1, tit. 3, § 18), and this was a limitation of 20 years, as at present. The commissioners appointed to revise the statutory law, in recommending this limitation, said, "If it be an object in any case to quiet titles, to protect honest purchasers, and to excite to a vigilance equally beneficial to the claimant and to others, it is conceived that this case requires the necessary provisions to attain it, as much, if not more, than any other." 3 Report of Commissioners to Revise the Statute Law, p. 75. There is no difficulty or hardship in the construction which requires that an action for dower shall be commenced within 20 years after the death of the husband, regardless of whether the necessary defendants are residents or nonresidents of the state. The location of the land within the state gives the court jurisdiction, and, if the necessary defendants are nonresidents, they may be served by publication. The action does not require the award of a personal judgment. It operates upon the land and against those

interested therein. If, as contended by the learned counsel for the plaintiff, section 401 is applicable to such actions, then the statute of limitations would be of little value in its practical application. The marketability of a title where there was ever an outstanding right of dower which had not been satisfied or released of record would be seriously affected. Whether there existed a valid enforceable claim for dower would necessarily depend upon facts dehors the record and resting in parol, which it would be difficult to ascertain with any degree of certainty. It would involve an inquiry as to who the parties were against whom the action might have been maintained, and whether they resided within the state during a period of 20 years. It would be difficult to make such a title marketable by affidavits, and it would result in a hardship to the owner by putting him to the trouble and expense of obtaining affidavits which might be obtained with great difficulty, or of procuring releases of claims for dower which had already become outlawed. The Code is susceptible of the construction that section 1596 is an exclusive statute of limitations in actions for dower, and prescribes the only disabilities and exceptions to the running of the statute, and the rights of the owners of land requires this construction.

It follows from these views that the statute of limitation has run against the plaintiff's right of action for dower, and that the defendants are entitled to judgment, accordingly, without costs.

O'BRIEN and McLAUGHLIN, JJ., concur. PATTERSON, J., concurs in result. VAN BRUNT, P. J., dissents upon the ground that the submission is not in such a form that the court could act.