MAURICE A. MACK, Appellant, *v.* WALTER A. B. MENDELS, Respondent.

(Submitted October 19, 1928; decided November 20, 1928.)

*Max L. Arnstein* and *Boardman Wright* for appellant. The Statute of Limitations does not bar this suit. (*Isenberg* v. *Ranier,* 70 Misc. Rep. 502; 145 App. Div. 256; *Ubart* v. *Baltimore & Ohio R. R. Co.,* 117 App. Div. 831; *Persick* v. *Phil. & Reading Coal & Iron Co.,* 182 App. Div. 291; *Buegger* v. *Ashley,* 161 App. Div. 576; *Whitney* v. *Whitney E. & W. Co.,* 121 Misc. Rep. 461; *Dodge* v. *Hol-*

*brook,* 107 Misc. Rep. 257; *Mayer* v. *Friedman,* 7 Hun, 218; 69 N. Y. 608; *National Surety Company* v. *Ruffin,* 242 N. Y. 413; *Olcott* v. *Tioga R. R. Co.,* 20 N. Y. 210; *Dalrymple* v. *Schwartz,* 177 App. Div. 650; *Miller* v. *Brenham,* 68 N. Y. 83.)

*Allen McCarty* and *Donald B. Riker* for respondent. Since the amendment of 1888 non-residence and absence, taken together, are conditions necessary to toll the Statute of Limitations. (*Hart* v. *Kip,* 148 N. Y. 306; *Costello* v. *Downer,* 19 App. Div. 434.)

LEHMAN, J. On the 29th day of May, 1918, the defendant made, executed and delivered a note for the sum of five thousand dollars payable to the order of Clarence C. Perpall at 50 Broad street, New York city. At that time the defendant was a " curb broker," having an office at 50 Broad street, New York city, where the note was made payable, but resided in New Jersey. The note was delivered as additional margin to Clarence C. Perpall & Co., a firm of brokers who were members of the Consolidated Exchange, and with whom the defendant was then doing business. Clarence C. Perpall & Co. became bankrupt. The defendant made some payments to the receiver in bankruptcy. No demand was made upon the defendant for payment of the note he had given. It was not included in the schedule of the bankrupt's assets. Four years after the note was made, the plaintiff's assignor purchased the outstanding accounts and unadministered assets of the bankrupt, including this note, for the sum of twenty-five dollars. More than seven years after the note was made the plaintiff began this action.

It is said that the payments to the receiver in bankruptcy constituted payment of the defendant's entire indebtedness for which the note was collateral security to the bankrupt. The evidence upon this point is not very satisfactory and we do not pass upon the question of whether the defense of payment was conclusively estab-

lished. The courts below have held that, in any event, the defense that the cause of action is barred by the Statute of Limitations was established, and we agree with their conclusion. The defendant has resided continuously in New Jersey from 1915. He has done business as a curb broker in New York city continuously since May, 1918. He has during all that time maintained an office in the city of New York, either at 50 Broadway or 29 Broadway, and he has come to his office regularly on every business day to attend to his business. The statutory period during which an action may be brought upon the note against the defendant has now expired.

An action upon a note must be brought in this State within six years after the cause of action accrued. (Section 48 of the Civil Practice Act.) The State of New Jersey, in which the defendant at all times resided, has a similar limitation. " The Legislature * * * never intended to drive residents of this State into other States for the purpose of preserving and enforcing their claims as against a Statute of Limitations." (*National Surety Co.* v. *Ruffin*, 242 N. Y. 413.) Absence of a defendant from the State at the time the cause of action accrued prevents the running of the statute until the defendant returns to the State. Departure from the State and continuous absence for the space of one year or more interrupts the running of the statute. (Civil Practice Act, section 19, formerly Code of Civil Procedure, section 401.) The question here presented is whether non-residence constitutes absence from the State within the meaning of the statute, when the non-resident maintains an office in the State for the transaction of his business and visits his office regularly on each business day.

Doubtless the general object of the statute was " to save the remedy of the creditor in all cases where he was prevented from prosecuting the debtor in our courts, in consequence of the absence of the latter from the State." (*Olcott* v. *Tioga Railroad Company*, 20 N. Y. 210.) The

Legislature determines under what circumstances the time limited by statute for commencing an action shall be suspended. The courts construe provisions made by the Legislature creating exceptions or interruptions to the running of the time limited by statute in which an action may be begun. They may not themselves create such exceptions. (*Ruggles* v. *Keeler*, 3 Johnson, 265.) General language in judicial opinions must be regarded as merely a gloss on the text of the statute under consideration, not as the formulation by judicial authority of a general rule.

It is significant that in the statute which we must construe, the Legislature has not expressly stated that non-residence of a debtor at the time the cause of action accrued, or departure from the State thereafter, coupled with non-residence, shall postpone or interrupt the running of the statutory limitation.

Similar language, in analogous statutes of this and other States, has received the construction that the period of limitation runs whenever a debtor is physically present in the State, though he may be resident elsewhere. " The question is not one of domicile, but of personal presence." (*Hoggett* v. *Emerson*, 8 Kansas, 262, per BREWER, J.) True, there are casual expressions in some judicial opinions that might suggest that physical absence and non-residence are merely varying forms of the same concept. Such expressions have little, if any, significance. " When one becomes a non-resident, he does not, as a rule, remain in the State. Hence in most cases, so long as absence and non-residence were concurrent, the court, not having its attention directed to the matter, might use one word or the other indifferently." (*Webster* v. *Citizens Bank of Omaha*, 2 Nebraska [unofficial], 353, per ROSCOE POUND, C.)

The first clause of the statute that " if, when the cause of action accrues against a person, he is without the State, the action may be commenced, within the time limited

therefor, after his return into the State," is of ancient origin and has been frequently construed by the courts. "The statute (4 Anne, ch. 16, § 19), provides, in nearly the same language as our act, that if the person against whom a cause of action shall accrue shall at the time be beyond the seas, the action may be brought within the time limited after his return." (*Olcott* v. *Tioga Railroad Company, supra.*) "'Beyond sea,' and 'out of the state,' are analogous expressions, and are to have the same construction." (*Faw* v. *Roberdeau's Executor*, 3 Cranch [U. S.], 174, per MARSHALL, Ch. J.) Within the meaning of the statute of England and the statutes of the States of this country which use similar language, a person is "beyond the seas" or "out of the State" when physically absent, regardless of residence or domicile, and he "returns" at the moment when he comes openly into the State or country though he does not take up his residence therein. (See *Faw* v. *Roberdeau's Executor*, *supra; Little* v. *Blunt*, 16 Pickering [Mass.], 359; *Gibson* v. *Simmons*, 77 Kansas, 461; *Strithorst* v. *Graeme*, 3 Wils. 145; *Lafond* v. *Ruddock*, 13 C. B. 813.)

In this State the first clause of the statute stood alone until 1830. It had received the judicial construction that physical presence and not residence was the test. In *Fowler* v. *Hunt* (10 Johnson, 464) the court rejected the contention that the limitation of the period in which an action might be commenced against a party, who resided abroad, began to run only from the time when the party returns with intent to reside within the State. The court held that it was sufficient if the coming from abroad was not "clandestine, and with an intent to defraud the creditor by setting the statute in operation and then departing. It must be so public, and under such circumstances, as to give the creditor an opportunity, by the use of ordinary diligence and due means, of arresting the debtor."

In 1830 a new clause was added to the Revised Statute.

It provided that if after the cause shall have accrued the debtor " shall depart from and reside out of this State, the time of his absence shall not be deemed or taken as any part of the time " (2 R. S. § 100) limited for the commencement of the action. In construing the new clause, the court in *Burroughs* v. *Bloomer* (5 Denio, 532) said: " There is nothing said, as in the former statute, in respect to the return into the State as the condition on which the time limited for bringing the action begins to run. It simply excludes the time of the absence from the computation. The expressions ' and reside out of the State,' and ' the time of his absence,' have the same meaning: they are correlative expressions. So that while the defendant in this case resided out of, he was absent from the State, and accordingly, until he again became a resident of the State, the suspension of the operation of the statute continued." What the court said of course referred only to the new clause of the statute, which provided for the *suspension* of the running of the period limited for the bringing of the action. It had no reference to the earlier clause, which provided for the *commencement* of that period. The court, indeed, took pains to point out: " The rule in that case, that on the first return to the State the time commenced running * * * is familiar to all."

That rule was so familiar to all that it is difficult to find a case thereafter where it has been questioned. In all the cases which have been cited to us, the courts seem to have considered only the construction and effect of the clause of the statute providing for a *suspension* of the time within which an action may be begun after that time had begun to run. As long as the statute provided that each departure of the debtor coupled with residence out of the State suspended the *continued* running of the statutory period, it was of little or no practical importance that the statute might have *begun* to run against a non-resident for the short period or periods in which he was

physically within the State. Since each departure by a non-resident after occasional visits here, or after a daily visit to a place of business here, would suspend the running of the time limited by the statute, the limitation seldom, if ever, created a bar to the bringing of an action against a non-resident. So the court held in *Connecticut Trust & Safe Deposit Co.* v. *Wead* (172 N. Y. 497) and neither that case nor the cases cited therein are authority for any rule of law more general in its scope.

In that case the court construed the second clause of the statute as amended in 1888: " If, after a cause of action has accrued against a person, he departs from and resides without the State, *and* remains continuously absent therefrom for the space of one year or more, the time of his absence is not a part of the time limited for the commencement of the action." Prior to that amendment the Legislature had made departure from the State, coupled either with non-residence *or* continuous absence from the State for one year, ground for the suspension of the running of the statute. By the amendment the Legislature required both conditions to concur. In *Hart* v. *Kip* (148 N. Y. 306) this court had held that departure and continuous absence from the State for more than a year by a debtor who maintained a residence in this State did not create a suspension of the running of the time limited for the bringing of an action. Conversely, the Appellate Division had held in *Costello* v. *Downer* (19 App. Div. 434) that there was no suspension of the running of the limitation where the debtor departed and resided without the State but attended openly and notoriously to his business during business hours each day at an office in this State, which he maintained for that purpose. In the one case it was held that there was continuous absence without non-residence; in the other there was continuous non-residence but not continuous absence.

In *Connecticut Trust & Safe Deposit Co.* v. *Wead* (*supra*)

the debtor departed from and resided without the State continuously, but visited the State occasionally. The court did not attempt to overrule the decision in *Costello* v. *Downer* (*supra*) but stated: "Whether the statute runs in favor of a non-resident defendant with a place of business in this State and daily present there during business hours it is unnecessary to determine, but we hold that the casual temporary visits of a non-resident to this State do not break the continuity of his absence under the section of the Code so as to entitle him to the benefit of the statute."

If the statute had remained unchanged since 1888 we should now be called upon to determine the question which the court left unanswered, but the amendment to the statute in 1896 has eliminated that question. Since then, under both clauses of the statute, presence within the State, not residence, is made the test of whether the period of statutory limitation runs against a debtor. An unbroken tradition of judicial construction of the language of the first clause has made certain the meaning of that clause, and the elimination from the second clause by the Legislature of residence without the State as a premise for the suspension of the running of the statutory period of limitation patently bars its inclusion by judicial construction.

The period of time in which the action against the defendant-might be brought began to run at the time the cause of action accrued, or if the defendant was at that time without the State, then under the first clause of the statute at the time of his first "return" thereafter to this State openly and notoriously to attend at his office. It was never interrupted thereafter under the provisions of the second clause, for the defendant was never continuously absent from the State for the space of a year.

The judgment should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, KELLOGG and O'BRIEN, JJ., concur.

Judgment affirmed.