ELSIE ANAGNOST, Plaintiff, *v.* SILVESTRI BROS., INC., and THOMAS SILVESTRI, Defendants.

City Court of New York, Bronx County, June 20, 1940.

336

*Maxwell Berman,* for the plaintiff.

*Abraham Halprin,* for the defendant.

DONNELLY, J. Motion, pursuant to rule 103 of the Rules of Civil Practice, to strike out paragraph 6 of the complaint, repeated in both of the causes of action.

The action is upon two promissory notes, each made by the defendant Silvestri Bros., Inc., signed by Thomas Silvestri, president, and indorsed by the defendant Thomas Silvestri, the first dated September 21, 1931, and maturing September 30, 1931; the other, dated the same day and maturing November 30, 1931.

The action was commenced by the service of a summons upon the defendants May 9, 1940. Under ordinary circumstances, it should have been instituted within six years from the date of the maturity of the first and second notes. (Civ. Prac. Act, § 48.)

Paragraph 6 of the complaint alleges: " That the defendants have evaded service of process for several years after the maturity of the note [notes] as aforesaid, and, upon information and belief, the defendant Thomas Silvestri remained outside the State of New York evading service of process."

On the argument it was stated that the objection to paragraph 6 of the complaint was that the defendants were evading service. Nothing was then urged against that part of paragraph 6 of the complaint which alleges the defendants' absence from the State.

Section 19 of the Civil Practice Act provides in part as follows: " If, when the cause of action accrues against a person, he is without the State, the action may be commenced, within the time limited therefor, after his return into the State. If, after a cause of action has accrued against a person, he departs from the State and remains continuously absent therefrom for the space of one year or more, or if, without the knowledge of the person entitled to maintain the action, he resides within the State under a false name, the time of his absence or of such residence within the State under such false name is not a part of the time limited for the commencement of the action." Paragraph 6 of the complaint must be read as a whole, and, when so read, it sufficiently alleges the absence from this State of the defendant Thomas Silvestri for several years after the maturity of the notes.

The fact that this action might have been instituted by the service of the summons by publication, does not affect the application of the statute. (Civ. Prac. Act, § 19; *Simonson* v. *Nafis*, 36 App. Div. 473; followed in *Ackerman* v. *Ackerman*, 200 N. Y. 72, 83.)

It is not disputed that the defendants have been without the State for a number of years. Whether or not they have been absent from the State for a sufficient length of time to toll the statute, is not now apparent. If plaintiff is able to show defendants' continual absence from the State after their indebtedness upon the notes accrued, the burden will be upon them to show their presence within the State. (*Helmer* v. *Minot*, 75 Hun, 309, 311.) The disposition of this question should not be made on affidavits. It was so held in *Isenstein* v. *Malcolmson* (227 App. Div. 66) where the motion to dismiss the complaint was based upon the theory that the complaint alleged a cause of action for malpractice and came within the two-year limitation, instead of an action for negligence, which may be brought within the three-year period. The matter was presented by affidavits of three persons, which set out some proof of the respondent's absence from the State continuously for one year or more during the time limit. She denied that she was absent, and alleged that at the time mentioned she was at all times available for service, and that her whereabouts were readily ascertainable. McAvoy, J., writing for a unanimous court, said: " This was an issue of fact of itself which should not have been tossed off on a motion, and should have been left for the trial."

The motion to strike out paragraph 6 of the complaint is denied.