HARRISON L. CHAPIN et al., as Surviving Successor Executors of WILLIAM W. CHAPIN, Deceased, et al., Appellants, *v.* ROSE E. POSNER et al., Respondents.

Argued November 18, 1948; decided March 3, 1949.

*Anthony L. Dividio* and *J. Sawyer Fitch* for appellants.
I. Upon all of the pleadings and upon the affidavits, triable
issues of fact exist which cannot be disposed of upon motion.
Hence, defendants are not entitled to summary judgment.
(*Curry* v. *Mackenzie,* 239 N. Y. 267; *Peoples Nat. Bank & Trust
Co.* v. *County of Westchester,* 261 N. Y. 342; *Chelsea Exch.
Bank* v. *Munoz,* 202 App. Div. 702; *Dwan* v. *Massarene,* 199 App.
Div. 872; *Piedmont Hotel Co.* v. *Nettleton Co.,* 263 N. Y. 25;
*Werfel* v. *Zivnostenska Banka,* 287 N. Y. 91.) II. An oral
extension of the time of payment of a mortgage, made after
default, does not alter the terms of the written instrument, and
such oral agreement is enforcible. (*Dodge* v. *Crandall,* 30 N. Y.
294; *Fish* v. *Hayward,* 28 Hun 456, 93 N. Y. 646; *Antisdel* v. *Wil-
liamson,* 37 App. Div. 167, 165 N. Y. 372; *Kane* v. *Cortesy,* 100
N. Y. 132; *Thomson* v. *Poor,* 147 N. Y. 402; *Firestone* v. *Miroth
Constr. Co.,* 215 App. Div. 564; *Jacobson* v. *Jacobson,* 268 App.
Div. 770; *Miorin* v. *Miorin,* 257 App. Div. 556, 257 App. Div.
1084; *Evadan Realty Corp.* v. *Patterson,* 297 N. Y. 732; *Persky*
v. *Bank of America Nat. Assn.,* 261 N. Y. 212.) III. Two of the
three defendant owners have been absent from the State of New
York. Therefore, the running of the Statute of Limitations has
been tolled by section 19 of the Civil Practice Act. (*Bank for
Sav. in City of N. Y.* v. *Ashley Garages, Inc.,* 186 Misc. 293; *Ack-
erman* v. *Ackerman,* 200 N. Y. 72; *Simonson* v. *Nafis,* 36 App. Div.
473; *Osborne* v. *Randall,* 7 N. Y. Civ. Pro. Rep. 323; *Fowler* v.
*Wood,* 78 Hun 304; *Anagnost* v. *Silvestri Bros., Inc.,* 174 Misc.
335; *Herrmann* v. *Cabinet Land Co.,* 217 N. Y. 526; *Conolly* v.
*Hyams,* 176 N. Y. 403; *San Diego Realty Co.* v. *Hill,* 168 Cal. 637;
*Love* v. *West,* 169 N. C. 13; *Whalley* v. *Eldridge,* 24 Minn. 358;
*Peters* v. *Dunnells,* 5 Neb. 460; *Heyer* v. *Pruyn,* 7 Paige Ch. 465;
*Hulbert* v. *Clark,* 128 N. Y. 295; *House* v. *Carr,* 185 N. Y. 453.)
IV. Plaintiffs' cause of action is good at least for installments of
interest which became due between January 27, 1941, and Sep-
tember 1, 1944, and they may have foreclosure therefor. (*Ernst*
v. *Schaack,* 271 App. Div. 1012, 297 N. Y. 566; *Matter of Bond
& Mtge. Guar. Co.* [*570 Kosciusko St.*], 272 App. Div. 944,
297 N. Y. 765.)

*Joseph W. Martin* and *Darrow A. Dutcher* for respondents.
I. The Statute of Limitations is a complete bar to plaintiffs'

alleged cause of action. (*Mack* v. *Mendels*, 249 N. Y. 356; *Reichert* v. *Stilwell*, 172 N. Y. 83; *Rookery Investing Co.* v. *Audley Constr. Corp.*, 188 Misc. 693; *Wetyen* v. *Fick*, 178 N. Y. 223; *Garfein* v. *McInnis*, 248 N. Y. 261.) II. There was no valid agreement extending the time of payment of the mortgage. (*Syracuse Trust Co.* v. *First Trust & Deposit Co.*, 239 App. Div. 586; *Kellogg* v. *Olmsted*, 25 N. Y. 189; *Carpenter* v. *Taylor*, 164 N. Y. 171; *Central Hanover Bank & Trust Co.* v. *Romer Holding Co.*, 234 App. Div. 419; *Carr* v. *Morris*, 191 App. Div. 671; *Olmstead* v. *Latimer*, 158 N. Y. 313; *Mutual Life Ins. Co.* v. *Aldrich*, 44 App. Div. 620; *Schwartz* v. *Smith*, 143 App. Div. 297, 207 N. Y. 714; *Steinberg* v. *Simon*, 179 App. Div. 67; *Lion Brewery* v. *Fricke*, 204 App. Div. 470; *McKenzie* v. *Harrison*, 120 N. Y. 260.) III. There is no estoppel against defendants. (*Firestone* v. *Miroth Constr. Co.*, 215 App. Div. 564; *Thomson* v. *Poor*, 147 N. Y. 402.) IV. The action to foreclose being in rem and the alleged oral agreement being invalid as a matter of law there are no questions of fact to try and summary judgment will lie. V. Plaintiffs have no cause of action for interest installments as there is no personal liability on defendants. (*Johnson* v. *Meyer*, 268 N. Y. 701; *Union Trust Co.* v. *Kaplan*, 249 App. Div. 280; *Levinson* v. *Rosovsky*, 263 App. Div. 793, 288 N. Y. 559; *Werbelovsky* v. *Rosen Bros. News Agency, Inc.*, 249 App. Div. 758; *Bank of New York* v. *Blumenthal*, 285 N. Y. 598; *Buell* v. *Sullivan*, 250 App. Div. 780; *Rochester Trust & Safe Deposit Co.* v. *Hatch*, 273 N. Y. 507.)

CONWAY, J. This is an action to foreclose a mortgage upon property in Rochester. The mortgage was delivered, executed and recorded in July, 1921. It was a mortgage, originally in the amount of $72,000, given by two purchasers Kaplan and Kovel, the predecessors in title of the defendants Posner and defendant Greenberg, to the predecessors of plaintiffs. It was under seal and secured a bond which was also under seal. The condition of the bond was that $1,250 was to be paid every three months, together with interest on all sums remaining unpaid, until the whole amount of principal and interest was fully paid.

Concededly the last payment of principal was made on November 4, 1931, and the last payment of interest was made on September 1, 1936.

Plaintiffs have set forth, in their bill of particulars, an oral agreement entered into in the fall of 1939, or in the fall of 1940, between them and certain of the defendants under which plaintiffs claim they forebore to foreclose the mortgage and instead extended the time for payment of principal and interest. We need not pause to determine whether or not the agreement was a valid one since between the years 1936 (L. 1936, ch. 685) and 1941 (L. 1941, ch. 329, § 1) it was provided in section 342 of the Civil Practice Act as follows: '' A sealed instrument may not be changed, modified or discharged by an executory agreement unless such agreement is in writing and signed by the party against whom it is sought to enforce the change, modification or discharge.'' (See 1936 Report of N. Y. Law Revision Commission, pp. 76–77, 310–345.)

The complaint demanded judgment of foreclosure and sale of the premises affected but made no demand for a deficiency judgment against any of the defendants.

The answer of the defendants pleaded as a defense that the cause of action accrued more than six years prior to the commencement of the action.

Then defendants moved for judgment dismissing the complaint pursuant to rule 113 of the Rules of Civil Practice and section 476 of the Civil Practice Act with supporting affidavits from the defendants Rose Etta Posner and Ella P. Greenberg.

The plaintiff Louis W. Chapin submitted an affidavit in which he deposed that the Statute of Limitations had not run as against two of the defendants because of their absence from the State; that defendant Ezra Posner left New York in 1934, for Washington, still resides there and has been absent from New York State during that period (there is no denial of this fact by defendants); that defendant Greenberg left New York and resides in Arizona and that while he did not know when she left New York he had been informed and believed that she had been without the State for such a length of time that the Statute of Limitations had not run as against her.

In the affidavit of the defendant Greenberg she stated that she had not changed her residence from Rochester, New York, but that she had left New York State on June 3, 1944, for Tucson, Arizona, because of the health of her son, had returned to New York about June 3, 1946, and had remained here until September 27, 1946.

The interest of the defendant Harry Z. Harris does not appear in the record beyond the statement in the complaint that the interest which he has or claims to have in the mortgaged premises accrued subsequently to the lien of plaintiffs' mortgage and is subordinate thereto.

Defendants do not deny that there are questions of fact raised by the pleadings and affidavits but contend that summary judgment must still be granted because even if those issues were resolved in plaintiffs' favor, the action is barred as matter of law by the Statute of Limitations.

As indicated above, the last payment of principal was made on *November 4, 1931,* the last payment of interest was on *September 1, 1936,* and no payments were made after the latter date. Assuming that plaintiffs' cause of action for foreclosure of the mortgage accrued in *1936,* upon the failure to make the next regular payment of interest, under the twenty-year period of limitations then existing, the plaintiffs' action could have been brought at any time up to *1956.* However, by chapter 499 of the Laws of 1938, effective September 1, 1938, the period of limitation was reduced to six years. (Civ. Prac. Act, § 47-a.) Since plaintiffs' cause of action accrued prior to the effective date of that section and since on that date there remained a period longer than six years for commencement of the action, under the express terms of section 47-a of the Civil Practice Act, plaintiffs' period for bringing action was shortened to six years from September 1, 1938, i.e., to *September 1, 1944.* The summons and complaint in the instant case were served upon the various defendants between January 27, 1947, and March 12, 1947, and thus the action would normally be barred.

Plaintiffs argue, however, that section 19 of the Civil Practice Act saves their cause of action, at least as to defendants Ezra Posner and Ella P. Greenberg as to the principal of the mortgage and that as to an action for certain installments of interest the statute has not run as to any of the defendants. We shall discuss later the question of liability for installments of interest.

That brings us to a consideration of the wording of section 19 of the Civil Practice Act, which reads as follows:

" § 19. EFFECT OF DEFENDANT'S ABSENCE FROM STATE OR RESIDENCE UNDER FALSE NAME. If, when the cause of action accrues

against a person, he is without the state, the action may be commenced, within the time limited therefor, after his coming into or return to the state. If, after a cause of action has accrued against a person, he departs from the state and remains continuously absent therefrom for the space of four months or more, or if, without the knowledge of the person entitled to maintain the action, he resides within the state under a false name, the time of his absence or of such residence within the state under such false name is not a part of the time limited for the commencement of the action. But this section does not apply in either of the following cases:

" 1. While a designation or appointment, voluntary or involuntary, made in pursuance of law, of a resident or nonresident person, corporation, or private or public officer on whom a summons may be served within the state for another resident or nonresident person or corporation with the same legal force and validity as if served personally on such person or corporation within the state, remains in force.

" 2. While a foreign corporation has had or shall have one or more officers or other persons in the state on whom a summons for such corporation may be served."

Considering first the case of Ezra Posner, if section 19 of the Civil Practice Act be applicable, the Statute of Limitations has not yet begun to run as against him. (*Mack* v. *Mendels,* 249 N. Y. 356, 361.)

As to defendant Ella P. Greenberg, plaintiffs assert that they are not certain when she left the State of New York but that they are informed and believe that she has been without the State for such a length of time that the Statute of Limitations has not run as against her. If section 19 of the Civil Practice Act be applicable to her, then if she were without the State when the cause of action accrued and her absence has continued, the Statute of Limitations has not yet commenced to run. If she were within the State when the cause of action accrued, then the Statute of Limitations has been suspended during the time of her subsequent absence. (*Mack* v. *Mendels,* 249 N. Y. 356, 361, *supra.*) Had she stayed in New York, the statute would have run in her favor by September 1, 1944. In her affidavit, she deposes that she is a resident of New York State but admits that she left New York on June 3, 1944 — two months and

twenty-seven days before the statute would normally have run. She further deposes, however, that she returned to New York on June 3, 1946, and remained here until on or about September 27, 1946 — a total of three months and twenty-four days. Thus, her claim is that she has been present in this State twenty-seven days longer than a total of six years since September 1, 1938, and that the Statute of Limitations has thus run in her favor. We must accept the allegations of plaintiffs' complaint and affidavit as true for the purpose of this motion. In addition, the allegations of the separate defense have been put at issue by section 243 of the Civil Practice Act. Thus we must assume that the statute has been tolled by the absence from the State of Ezra Posner and Ella P. Greenberg, if section 19 of the Civil Practice Act be applicable.

We come then to the question of whether section 19 of the Civil Practice Act is applicable here since the action is one in rem and there is no personal deficiency judgment asked as against any of the defendants.

Defendants argue that plaintiffs could have brought a foreclosure action at any time within the period limited by the statute, despite the absence of some of the defendants from the State, by obtaining an order for publication and mailing (Civ. Prac. Act, § 232, subd. 2) or by personal service without the State (Civ. Prac. Act, § 235). (See Eleventh Annual Report of N. Y. Judicial Council, 1945, pp. 193–194, 213.)

The basic purpose in enacting the tolling provision in section 19 of the Civil Practice Act was " to save the remedy of the creditor in all cases where he was prevented from prosecuting the debtor in our courts, in consequence of the absence of the latter from the State." (*Olcott* v. *Tioga R. R. Co.*, 20 N. Y. 210, 221–222; *Mack* v. *Mendels*, 249 N. Y. 356, 358, *supra*.) The question for our consideration then is this: Does the existence of alternative methods of service upon defendants who are without the State under which an action to foreclose a mortgage could have been commenced within the normal time limited therefor, prevent the application of section 19 of the Civil Practice Act when no personal judgment is sought against the absent defendants?

Chief Judge CULLEN, when on the Appellate Division, Second Department, had before him the case of *Simonson* v. *Nafis*

(36 App. Div. 473) which was an action to foreclose two mortgages. In the course of his opinion he wrote (p. 474): '' The claim is that section 401 [the predecessor of present Civ. Prac. Act, § 19] does not apply to the foreclosure of a mortgage, because in such an action the court by publication can acquire jurisdiction of a defendant whether he is within or without the State. The section is comprehensive in its terms and includes all limitations of time prescribed in the Code; and the period in which an action for foreclosure of a mortgage must be brought is governed by section 381 of the Code. (*Hulbert* v. *Clark,* 128 N. Y. 295.) The argument that the court may proceed against the defendants by publication is not sufficient to limit the effect of section 401.   *   *   * '' After he became an Associate Judge of our court, in the case of *Conolly* v. *Hyams* (176 N. Y. 403, 407) he wrote, citing three cases: '' The tendency of the latest decisions of this court has been to extend to all claims the benefit of the exceptions given by the Code of Civil Procedure to the bar of the Statute of Limitation, except where there is an express statute or contract to the contrary.'' Two volumes later in *Wetyen* v. *Fick* (178 N. Y. 223) a widow had brought an action for dower almost forty years after the death of her husband and claimed the protection of provisions similar to those now found in section 19 of the Civil Practice Act but then contained in section 401 of chapter IV of the Code of Civil Procedure. We held that this latter section was not applicable because there had been provided a '' different and unusual limitation, specially prescribed by law '' (p. 235). At that time, there was present in the Code of Civil Procedure, also in chapter IV thereof, section 414 (now Civ. Prac. Act, § 10) which, so far as material here, was headed and read as follows: '' *Cases to which this chapter applies.* The provisions of this chapter apply, and constitute the only rules of limitation applicable, to a civil action or special proceeding, except in one of the following cases: 1. A case, where a different limitation is specially prescribed by law, or a shorter limitation is prescribed by the written contract of the parties.'' The Code of Civil Procedure (§ 1596, now Real Property Law, § 460) at that time expressly provided that actions for dower had to be commenced within twenty years after the death of the husband. The case was properly decided upon the ground that

the predecessor of section 19 of the Civil Practice Act was not applicable because a different limitation had been specially prescribed by law in the type of action presented. In the opinion, however, there was a dictum to the effect that if the premises had been occupied by a tenant, the absent defendants were not necessary parties and that if there were no occupant of the premises or any person exercising acts of ownership thereupon, the plaintiff could have served the nonresident defendants by publication under subdivision 5 of section 438 of the Code of Civil Procedure. (Pp. 232–233.) The premises had in fact been leased to and occupied by tenants. The dictum as to service by publication on page 233 was in the course of a discussion of a suppositious case where there were no tenants in occupancy. Judge CULLEN concurred only in the result.

In *Ackerman* v. *Ackerman* (123 App. Div. 750, affd. 200 N. Y. 72), a matrimonial action, we held that the limitation in section 1758 of the Code of Civil Procedure was subject to the exceptions in section 401 of the Code of Civil Procedure (now Civ. Prac. Act, § 19). The two dissenting Justices in the Appellate Division had concluded their opinion with these sentences (p. 758): "It [Code Civ. Pro., § 1758, subd. 3, providing that the plaintiff is not entitled to a divorce when 'the action was not commenced within five years after the discovery, by the plaintiff, of the offense charged '] makes no exception where the guilty spouse is a non-resident. The action may be commenced in such a case by publication." We affirmed the judgment of the Appellate Division in an opinion (per COLLIN, J.), in which CULLEN, then Chief Judge, concurred and in which there was the following sentence (p. 83): "Nor is the fact that the plaintiff might have commenced the action by the substituted service of process provided by section 435 and the following sections of the Code of Civil Procedure material here. (*Simonson* v. *Nafis*, 36 App. Div. 473.) " The opinion also contained approval of the language of Associate Judge CULLEN in the *Conolly* v. *Hyams* case (*supra*) which we have quoted (*supra*, p. 39). The *Ackerman* case (*supra*) was followed by *Sharrow* v. *Inland Lines, Ltd.* (214 N. Y. 101, 109), where again there was approval of the sentences quoted from the *Conolly* v. *Hyams* case (*supra*).

While all this establishes that our court has now accepted the holding of *Simonson* v. *Nafis* (36 App. Div. 473, *supra*) which is determinative here, our course is made more clear by the fact that the Statute of Limitations for a mortgage foreclosure case is found in article 2 of the Civil Practice Act which prescribes general limitations and so there is here no claim of a special or unusual limitation prescribed by law.

Moreover, section 19 of the Civil Practice Act is all-inclusive and does not except from its saving force a mortgage foreclosure action. If the Legislature had intended to except such actions from the operation of section 19 of the Civil Practice Act, it could have expressly so provided. It did not do so and we do not think that we should read an exception into the statute by implication. " The Legislature determines under what circumstances the time limited by statute for commencing an action shall be suspended. The courts construe provisions made by the Legislature creating exceptions or interruptions to the running of the time limited by statute in which an action may be begun. They may not themselves create such exceptions." (*Mack* v. *Mendels, supra,* pp. 358–359.)

Furthermore, the Legislature has *expressly* provided for two situations in which the absence of the defendant does not toll the running of the Statute of Limitations in plaintiff's favor. These exceptions seem to be predicated upon the theory that where the plaintiff is at all times able to commence his action by service *within the State* against an absent defendant for the full relief sought within the regular time limited therefor, the reason for the tolling provision disappears and plaintiff cannot claim its protection. Thus, when some person or corporation or public officer has been designated or appointed in pursuance of law, voluntarily or involuntarily, upon whom plaintiff may serve a summons *within the State* with the same legal force and validity as if served personally upon the defendant person or corporation within the State, Civil Practice Act, section 19, by virtue of subdivision 1 thereof, has no application. Also, when a foreign corporation has one or more of its officers *in this State* upon whom a summons for the corporation may be served here, Civil Practice Act, section 19, by virtue of subdivision 2 thereof, has no application. The two exceptions illustrate particular situations in which the

Legislature has determined that the existence of a method of service *in this State* upon an absent defendant, under which the plaintiff could obtain all the relief to which he might be entitled, dispenses with the need for the tolling provisions of section 19 of the Civil Practice Act. However, the Legislature has gone no further. It has not expressed a general rule that section 19 of the Civil Practice Act does not apply to all cases in which the plaintiff could have commenced his action within the time limited therefor by a method of service other than personal service within the State upon the defendant. Until the Legislature does express such a rule, we may not limit the applicability of section 19 of the Civil Practice Act by judicial construction. For this reason, we must hold, under the present form of section 19 of the Civil Practice Act, that even in a strictly in rem action where no personal claim is or could be made against the defendant, the absence of a person upon whom service may be made *within this State* and the absence of such defendant from the State will toll the running of the Statute of Limitations.

Accordingly, the complaint states a cause of action for foreclosure against Ezra Posner and Ella P. Greenberg.

Finally, we come to the question whether in any event there is a cause of action stated here as to the defendants Rose Etta Posner and Harry Z. Harris so that their interests may be foreclosed upon and sold to satisfy installments of interest which became due during a period beginning six years prior to the commencement of this action against those respective defendants in 1947, and the termination of the limitation period as to principal, viz., September 1, 1944. We think a cause of action is stated against those two defendants as to such installments under the authority of *Ernst* v. *Schaack* (271 App. Div. 1012, affd. 297 N. Y. 566).

The judgment of the Appellate Division should be reversed and the order of the County Court affirmed, with costs in this court and in the Appellate Division.

LOUGHRAN, Ch. J., LEWIS, DESMOND, DYE and FULD, JJ., concur.

Judgment reversed, etc.