Abraham N. Geller, J.
This is a motion by defendant Ostrow to dismiss the complaint on the ground that the action cannot be maintained against him because of the Statute of Limitations.
Both parties agree that the applicable period of limitation for this action by plaintiff corporation against a former director is six years (CPLR 213). It is alleged in the complaint that Ostrow became a director on September 12, 1957 and that the cause of action arises from certain tortious acts committed within the State of New York on or about the dates set forth therein, the earliest of which is October 17, 1957. Service of the summons and complaint upon Ostrow was made in California, where he resided during the entire period and still resides, on March 13, 1965, pursuant to CPLR 302 (subd. [a], par. 2) and 313. The parties go off into a tangent dispute as to when the cause of action is deemed to have accrued by virtue of the fact that plaintiff is alleging a conspiracy by a group of former directors in control of the corporation with different dates of alleged overt acts. For the purpose of this motion made by defendant Ostrow the court will assume the earliest accrued date, i.e., October 17, 1957. This would make the total elapsed time between accrual and commencement of action 7 years and 5 months. The only question is whether the statute was tolled for more than 1 year and 5 months because of Ostrow’s absence from the State. If so, the motion must be denied.
*60 The parties argue various other questions, such as whether, in view of defendants’ control of plaintiff corporation during most of the intervening period, their availability for service of summons in an action subsequently brought by it should be deemed as a practical matter nonexistent because of plaintiff’s then lack of knowledge of any cause of action. But none of these questions needs to be considered since, giving defendant Ostrow the benefit of all such points, accepting his statement as to his visits to this State, and interpreting CPLR 207 (formerly Civ. Prac. Act, § 19) most favorably to him, it is quite clear that the statute was tolled for a much longer period than 1 year and 5 months and, therefore, this action was timely commenced.
It would be strange, indeed, that defendant would be able to have this 6-year cause of action dismissed when his visits to this State consisted of staying at certain hotels for: 2 visits of 2 days each in 1957; 4 visits of 2, 9, 2 and 3 days respectively in 1958; 3 visits of 10, 3 and 5 days respectively in 1959; 3 visits of 5, “ several days, ’ ’ and 3 days in 1960; 2 visits of 1 and 11 days in 1961; 1 visit of 2 days in 1962; 1 visit of 2 days in 1963; and 1 visit of 15 days in 1964. The court will assume, as Ostrow contends, that these were open and public visits known to plaintiff and under such circumstances as to give plaintiff an opportunity by the use of ordinary diligence and due means to effect service. Nevertheless, the statute, as one would reasonably expect, tolls the running of the period of limitation by reason of his absence from the State sufficiently to prevent the action from being time-barred.
The applicable portion of CPLR 207 provides: “ If, after a cause of action has accrued against a person, he departs from the state and remains continuously absent therefrom for four months or more * * * the time of his absence * * * is not a part of the time within which the action must be commenced. ’ ’
When the alleged cause of action, at its earliest point of time, accrued on October 17, 1957, defendant Ostrow was in this State on the first of the afore-mentioned visits. He departed after two days but returned on four separate occasions less than four months apart, so that, under the statutory formula, the statute was not tolled until July 29, 1958. But he did not thereafter return to this State until December 11, 1958. That absence being four months or more, the statute was tolled for said period of 4 months and 13 days. Similarly, counting only absences from the State of four months or more, there is a total tolling, up to September 1, 1963, of about 3 years and 11 *61 months. There was no tolling of the statute after September 1, 1963, the effective date of the CPLR, because jurisdiction could be thereafter, and, in fact, was obtained by serving him in California pursuant to the exception then added in CPLR 207 (subd. 3), providing that absence does not toll the running of the applicable period 1 ‘ while jurisdiction over the person of the defendant can be obtained without personal delivery of the summons to him within the state,” such as, where CPLR 302 applies and plaintiff knows where defendant may be served without the State.
It might be argued that as to defendant Ostrow, a nonresident, who merely made sporadic visits to this State, the statute should be deemed to have run only during the actual periods in which he was physically within the State, each departure thereafter by him after such occasional visits suspending for the entire period of his absences the running of the time limited by statute (see Mack v. Mendels, 249 N. Y. 356, 361-362, and Cole v. Jessup, 10 N. Y. 96, 107, although dealing with earlier versions of the “ absence ” statute). But, as previously stated, even giving him the benefit of the most favorable interpretation of the statute, the action must be held to have been timely commenced. The motion is accordingly denied.