*185 OPINION OF THE COURT
Kaye, J.
This appeal, in an article 78 proceeding challenging a Town Planning Board’s (the Board) denial of a subdivision application, turns on the timing of both petitioners’ application and the Board’s action. Petitioners urge, particularly, that the Board’s failure to act for 45 days entitled them to approval by default under Town Law § 276 (4). We conclude that the Appellate Division order should be affirmed because the petition was time barred in part and lacks merit as to the balance.
The significant events all transpired between September and December 1987. Petitioners, owners of a 6.62-acre parcel of land in the Town of Coeymans, on September 2, 1987, submitted an application to the Board to subdivide their parcel into four residential building plots. At a September 16 special meeting called to consider the application, several Board members and town residents expressed concern over purported restrictions in petitioners’ deed, their proposed septic system and provisions for drainage, and the size of the lots. Petitioners were notified, at this meeting, that because the parcel abutted a county highway, the application had to be submitted to the County Planning Board (see, General Municipal Law § 239-n). The next day — September 17 — the Board sent on petitioners’ application to the County Planning Board.
The Town Board on October 21, 1987 received the County Board’s recommended objection to petitioners’ application, and on November 4, 1987 voted to deny their application. Minutes of that meeting were delivered to the Board’s office the next day, and by letter dated November 6, petitioners were notified of the decision. Meanwhile, on November 4, petitioners had applied to the Town Clerk for approval of their application by default, due to the Board’s failure to act within 45 days of the September 16 hearing (Town Law § 276 [4]), and the Town Clerk denied that request.
Petitioners on December 16, 1987 commenced the present article 78 proceeding to annul the Board’s determination, or compel the Town Clerk to issue a certificate of approval by default, or declare that the town’s subdivision regulations were invalid. Supreme Court dismissed the entire petition as untimely and the Appellate Division affirmed. The Appellate Division agreed that the proceeding against the Board, having *186 been commenced more than 30 days after delivery of the minutes to the Board’s office, was time barred, but it held that the 30-day limitation was inapplicable to the Town Clerk’s denial of petitioners’ request for approval by default. As to that portion of the petition, the Appellate Division held that the Town Clerk was not required to issue a default certification because the 45-day period set forth in Town Law § 276 (4) had been tolled.
Timeliness of Proceedings Against The Board
As against the Board, the petition was correctly dismissed as untimely under Town Law § 282.
A party aggrieved by a decision of a planning board "concerning such plat or the changing of the zoning regulations of such land, or any officer, department, board or bureau of the town, may have the decision reviewed by a special term of the supreme court in the manner provided by article seventy-eight of the civil practice law and rules provided the proceeding is commenced within thirty days after the filing of the decision in the office of the hoard. ” (Town Law § 282 [emphasis added].) As the statute plainly specifies, the event that triggers the 30-day limitations period is the filing of a planning board’s decision in its office and not — as petitioners urge — notice sent to the affected party (see, Pagliaroli v Zoning Bd. of Appeals, 66 AD2d 997, 998; 2 Anderson, New York Zoning Law and Practice § 26.14, at 384 [3d ed]). The statute places on the petitioners — and not the planning boards — responsibility for following up on their application by determining when a board’s decision has been filed in its office.
Here, the record reveals that on November 5, 1987 the relevant minutes reflecting the decision denying petitioners’ application were filed in the Board’s office, which triggered the 30-day limitations period. In that petitioners commenced this proceeding against the Board on December 16, 1987 — beyond the 30-day period — that portion of the petition was properly dismissed.
Timeliness of Proceedings Against The Town Clerk
Town Law § 282 does not, however, affect the petition against the Town Clerk. While respondents urge that the 30-day period should apply also to a Town Clerk’s decision, relying on the statute’s reference to "any officer, department, *187 board or bureau of the town,” that reference — as the Appellate Division correctly observed — "merely confers standing on the enumerated persons or entities to challenge a Town Planning Board decision. * * * Notably, Town Boards may authorize, by ordinance, the 'proper local authorities’ (Town Law §268 [2]) to pursue judicial enforcement of the local zoning provisions, where necessary. Accordingly, petitioners’ challenge to the Town Clerk’s refusal to issue a default certificate is not governed by the time constraints delineated in Town Law § 282, but by CPLR 217, which imposes a four-month limitation period. By this standard, the proceeding against the Town Clerk was timely commenced.” (146 AD2d, at 105.)
Petitioners’ claim on its merits is grounded on Town Law § 276 (4). That section in substance requires a Town Planning Board to rule on an application for final subdivision approval within 45 days after a public hearing, which itself must be held within 45 days of submission of a plat in final form. If a Town Planning Board fails to act within the specified time, the plat is deemed approved and a certificate to that effect must be issued by the Town Clerk on demand (Town Law § 276 [4]). Here, the Board held its hearing on September 16, 1987 and, by petitioners’ count, the 45-day statutory period expired no later than November 2, 1987, entitling them to approval by default.
We reject petitioner’s argument, as did the Appellate Division, but on somewhat different grounds.
The Appellate Division reasoned that the 45-day period was "tolled” pending County Planning Board review because section 276 (4) "speaks to a plat submitted in final form,” and petitioners’ "application was not finalized until the Town Planning Board actually received the written recommendation of the County Planning Board on October 21, 1987.” (146 AD2d, at 106.) As a rule, however, time limitations created by statute are not tolled in the absence of statutory authority. Courts may only "construe provisions made by the Legislature creating exceptions or interruptions to the running of the time limited by statute. * * * They may not themselves create such exceptions.” (Mack v Mendels, 249 NY 356, 359.) Here, except where the parties agree, there is no statutory authority for tolling, or suspending, the 45-day period; to the contrary, there is a legislative mandate for speedy administrative action. A board’s failure to act within the tightly prescribed *188 time limits itself results in approval by operation of law (see, Matter of Sun Beach Real Estate Dev. Corp. v Anderson, 98 AD2d 367, 369, affd on opn below 62 NY2d 965). Thus, we cannot agree that the statutory period was "tolled” during the County Planning Board review.
Nor is the issue resolved by the statutory requirement of "submission of a plat in final form.” (Town Law § 276 [4].) That reference distinguishes situations where an applicant seeks final approval of the proposed subdivision by submitting a "final plat” or a "plat in final form” (see, Town Law § 276 [2] [b], [c]; [4]) from those where an applicant submits a "preliminary plat” for tentative approval (Town Law § 276 [2] [a], [c]; [3]). In cases that fall into the former category — as here — the application for final approval must be acted upon by the Town Board within the prescribed time limits whether or not the plat is actually in final form (Matter of Castle Estates v Hubbard, 52 Misc 2d 774, 777-778 [Simons, J.]). While the failure to satisfy the statutory definition of "final plat” might, in an appropriate case, warrant a denial of the application, it does not justify a failure to act (see, Matter of Wallkill Manor v Coulter, 33 NY2d 783; Wallberg v Planning Bd., 115 AD2d 539).
Nevertheless, we agree with the Appellate Division’s conclusion that there was no approval by default. We reach that conclusion because, here, the statutory period did not start with the submission of petitioners’ application to the Board. General Municipal Law § 239-n explicitly required the Board to refer the application to the County Planning Board for its review, and the Board was powerless to act on the application until it received the County Board’s recommendation or until 30 days had expired with no response (see, 2 Anderson, op. cit., § 19.09, at 32-34). Where the Legislature specifically, and strictly, allotted 45 days for Town Planning Board action, it would be inconsistent with the legislative design to start that time running when the Board was without authority to proceed on the application for as much as 30 days (see generally, Matter of Sun Beach Real Estate Dev. Corp. v Anderson, 62 NY2d 965, supra).
Thus, the 45-day period did not commence to run until October 21, 1987, when the Board received the County Planning Board’s recommendation. Measured from that date, the November 4 denial was well within the statutory period, and petitioners’ demand for a default certification was therefore properly rejected.
*189 Petitioners’ remaining claims are without merit.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Wachtler and Judges Simons, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed, with costs.