■ In the Matter of VIRGINIA POPE, Appellant, v GABE DEPOALA et al., Constituting the Town of Saugerties Planning Board, Respondents.—Casey, J. P. Appeal from a judgment of the Supreme Court (Connor, J.), entered March 1, 1990 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondents to grant petitioner final subdivision approval.

Petitioner contends that, as a result of the failure of the Town of Saugerties Planning Board in Ulster County to act on her application for subdivision approval within 45 days after the public hearing, the application must be approved by default under Town Law § 276 (4). Supreme Court held that the 45-day period did not begin to run because petitioner's application was not complete. The petition was therefore dismissed, resulting in this appeal by petitioner. We conclude that dismissal of the petition is required, but for a different reason than that relied upon by Supreme Court.

As explained by the Court of Appeals in Matter of King v Chmielewski (76 NY2d 182, 187): "[Town Law § 276 (4)] in substance requires a Town Planning Board to rule on an application for final subdivision approval within 45 days after a public hearing, which itself must be held within 45 days of submission of a plat in final form. If a Town Planning Board fails to act within the specified time, the plat is deemed

approved and a certificate to that effect must be issued by the Town Clerk on demand [citation omitted]". A public hearing on petitioner's application for final subdivision approval was held on May 16, 1989, at which some citizens expressed concern regarding the condition of the road adjacent to the proposed subdivision and the effect that the subdivision would have on that road. The Planning Board decided to postpone any action on the matter until the Highway Superintendent and Town Attorney could be consulted. At the Planning Board's meeting on June 20, 1989, the Highway Superintendent and Town Attorney were present, along with petitioner's representative. The road adjacent to petitioner's proposed subdivision was discussed, and the Planning Board decided to delay action on petitioner's application pending further studies and a determination as to whether the road could handle the projected traffic from the subdivision.

By letter dated July 6, 1989, petitioner's attorney demanded that the Town Clerk issue the certificate provided for in Town Law § 276 (4) based upon the Planning Board's failure to act on petitioner's application within 45 days of the May 16, 1989 public hearing. The demand was rejected and, at its July 18, 1989 meeting, the Planning Board denied petitioner's application due to petitioner's failure to present a traffic study. Petitioner thereafter commenced this proceeding seeking to compel the Planning Board to grant final subdivision approval for petitioner's subdivision.

The sole basis for petitioner's request for relief is the approval-by-default provision of Town Law § 276 (4). Assuming that the Planning Board is in default in this case, however, we are of the view that a proceeding against the Planning Board to compel its grant of approval is not necessary. The approval-by-default provision of Town Law § 276 (4) states that, upon a planning board's failure to act within the 45-day period, "the plat shall be deemed approved". Accordingly, there is no need for a CPLR article 78 proceeding to compel the Planning Board to issue such approval upon default and, as that is the only relief sought in the petition, it must be dismissed.

In her brief on appeal, petitioner also requests that the Planning Board be directed to issue the certificate referred to in Town Law § 276 (4). As is clear from the statute, planning board approval of a final plat is not, in and of itself, sufficient; there are also certain formal requirements, such as an authorized signature (see, Town Law § 276 [4]), which must be complied with before the filing requirements of Town Law § 276 (7) can be met. When the final plat is deemed approved

as a result of a planning board's failure to act within the 45-day period, the additional formal requirement consists of "a certificate of the clerk of the town as to the date of submission and the failure to take action within such prescribed time [which] shall be issued on demand and shall be sufficient in lieu of written endorsement or other evidence of approval herein required" (Town Law § 276 [4]). Where, as here, the Town Clerk refused to issue a certificate of approval by default under Town Law § 276 (4), a proceeding pursuant to CPLR article 78 against the Town Clerk is the appropriate remedy (see, Matter of King v Chmielewski, 76 NY2d 182, 186-187, supra). Because the Town Clerk was not named and served as a party respondent within the four-month Statute of Limitations (CPLR 217), there is no basis for granting petitioner's request for an order compelling issuance of the certificate referred to in Town Law § 276 (4).

For these reasons, we affirm the judgment of Supreme Court dismissing the petition.

Mikoll, Yesawich Jr., Levine and Crew III, JJ., concur. Ordered that the judgment is affirmed, without costs.