■ In the Matter of L. RICHARD ROSENBERG et al., Appellants, v TOWN OF LLOYD et al., Respondents.—Levine, J. Appeal from an amended judgment of the Supreme Court (Cheeseman, J.), entered April 9, 1991 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to compel respondent Town Clerk of the Town of Lloyd to issue a certificate of subdivision approval.

Petitioners are the owners of real property located in the Town of Lloyd, Ulster County. In January 1988, respondent Planning Board of the Town of Lloyd (hereinafter the Board) passed a resolution approving a subdivision proposed by petitioners subject to several enumerated conditions, including the grant of various approvals by State and local agencies. Petitioners subsequently secured certain of the approvals required by the Board's January 1988 resolution.

Thereafter, in January 1990, petitioners appeared before the Board and requested either final approval or conditional final approval of a plat submission. More than 45 days elapsed without Board action and, in early April 1990, petitioners requested that respondent Town Clerk execute a certificate deeming the subdivision approved pursuant to Town Law § 276 (4). Following the denial of that request, petitioners commenced a CPLR article 78 proceeding seeking to compel the issuance of such a certificate.

By resolution dated May 24, 1990, the Board formally denied petitioners' request for final approval on various grounds, including that no proof of compliance with the conditions set forth in the January 1988 resolution had been shown. Petitioners then commenced a second CPLR article 78 proceeding, alleging, *inter alia,* that the Board's determination was arbitrary and capricious and seeking annulment thereof. Supreme Court ultimately consolidated both of petitioners' CPLR article 78 proceedings and dismissed the petition. This appeal followed.

Initially, we agree with respondents that the Board's January 1988 resolution constituted a conditional final approval *(see,* Town Law § 276 [2] [d]). It is uncontradicted, however, that the conditions set forth by the Board in that resolution were not satisfied within 180 days and that no extension was granted by the Board. By statute, the conditional final approval therefore expired at the end of that 180-day period *(see,* Town Law § 276 [4], [5]). It follows from the foregoing that at the time petitioners appeared before the Board in January 1990 to request either conditional final approval or final approval of their plat, the conditional final approval previously granted was no longer valid.

On this record, questions of fact exist as to the nature of petitioners' application in their January 1990 appearance before the Board, whether it was accompanied by the submission of a new proposed plat and the manner in which the Board acted upon petitioners' application. The affidavit of the

Board's chairman would support the inference that there was no submission of any new proposed plat and that the Board dealt with petitioners' January 1990 application as a continuation of their original application, essentially disregarding the expiration of the conditional final approval and, as a courtesy to petitioners, adjusting the conditions previously imposed. If this was the case, the Board's attempt to act upon an expired conditionally approved plat was inoperative and no new 45-day period under Town Law § 276 (4) was triggered. Petitioners contend, however, that the Board acted on their January 1990 submission as a new application and, as such, was required to act within the 45-day statutory period irrespective of any irregularities in or the incompleteness of the application (see, Town Law § 276 [4]; *Matter of King v Chmielewski,* 76 NY2d 182, 188; *Wallberg v Planning Bd.,* 115 AD2d 539; *see also, Salvatore v City of Schenectady,* 139 AD2d 87, 91). Because the record of the Board's 1990 proceedings raises questions of fact on this issue, the matter must be remitted to Supreme Court for a trial (see, CPLR 7804 [h]).

Weiss, P. J., Mercure, Mahoney and Casey, JJ., concur. Ordered that the amended judgment is modified, on the law, without costs, by reversing so much thereof as dismissed the petition; matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed.