■ In the Matter of HERBERT R. MANDEL, Appellant, v BENNETT ORLOWSKI et al., Respondents. [612 NYS2d 427] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Southold Town Planning Board dated June 24, 1991, which directed the placement of a firewell as a condition to the granting of the petitioner's application for subdivision plat approval, and for related relief, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Floyd, J.), dated December 17, 1991, which dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted, the determina-

tion dated June 24, 1991, is annulled, and the respondent Southold Town Clerk is directed to file a certificate stating that the respondent Southold Town Planning Board failed to take action on the submitted subdivision plat within the time provided by law.

On June 4, 1991, the respondent Planning Board of the Town of Southold purportedly granted the petitioner's subdivision application "subject to the decision of the Planning Board for the need of a firewell". This action did not constitute a "conditional approval" of the subdivision plat within the meaning of Town Law § 276 (7) (a). Instead, it constituted a further deferral of the decision as to whether a firewell would or would not be required. Accordingly, whether we apply the 45-day period in effect at the time of the determination dated June 4, 1991 (see, Town Law former § 276 [4]) or the 62-day period which now governs (see, Town Law § 276 [6]), it is clear that the respondent Planning Board did not dispose of the petitioners' application in a timely manner. Therefore, the petitioners' subdivision application should be deemed to have been granted on default. The subsequent determination dated June 24, 1991, must be considered a nullity (see generally, Matter of King v Chmielewski, 76 NY2d 182; Matter of Pope v DePaola, 176 AD2d 1017). In light of our decision on this issue, the appellant's remaining contentions need not be addressed. Bracken, J. P., Sullivan, O'Brien and Joy, JJ., concur.