**Philip BARASH, Plaintiff–Appellant,**

v.

**Paul SILER and Eric Siler, Defendants–Appellees.**

Docket No. 02–9161.

United States Court of Appeals, Second Circuit.

July 21, 2003.

Philip Barash, Muttontown, NY, pro se.

Julie L. Sellers, Page, Mrachek, Fitzgerald & Rose, P.A. (Roy E. Fitzgerald, on the brief), West Palm Beach, FL, for Defendants–Appellees.

PRESENT: WALKER, Chief Judge, STRAUB, and POOLER, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Philip Barash ("Barash") brings this action to collect on a promissory note executed on June 1, 1977 by Defendants–Appellees in the amount of approximately $128,000, payable on demand to their grandfather, Irving Kates. Barash appeals from the September 13, 2002 judgment of the United States District Court for the Eastern District of New York (Denis R. Hurley, *Judge* ) denying Barash's motion for summary judgment, granting the defendants' cross motion for summary judgment, and dismissing Barash's claim as barred by the six-year statute of limitations set forth in N.Y. C.P.L.R. § 213. On appeal, Barash argues that the statute of limitations should be tolled, as Irving Kates was diagnosed with Alzheimer's disease in 1979, and therefore could not protect his legal rights within the limitations period.

Although the basis for the District Court's subject matter jurisdiction was not challenged below or raised by the parties on appeal, we may independently review the District Court's exercise of jurisdiction. *See, e.g., Transatlantic Marine Claims Agency, Inc., v. Ace Shipping Corp.*, 109 F.3d 105, 107–08 (2d Cir.1997). In granting summary judgment, the District Court noted that the disputed promissory note was not listed as an asset of Irving Kates's estate – apparently because Mr. Kates never informed his family of the existence of the note. The District Court further indicated that: "[t]he residue of Irving Kates's estate appears ... to have

been bequeathed to Celia Kates [Mr. Kates's wife], [and] Sandra Barash, and Gloria Haberman [Mr. Kates's daughters] as trustees of the 'Irving G. Kates Trust' for the benefit of Celia Kates." For purposes of ruling on the parties' motions for summary judgment, the District Court accepted Barash's contention "that whatever right to recovery Irving Kates, or his estate or trustees, may have had on the note at the time of his death, or thereafter, was transferred as a matter of law to Celia Kates," and that in addition, this right was subsequently transferred to Barash by Celia Kates in October 2001.

Because the resolution of Barash's claim may turn on matters potentially within the exclusive jurisdiction of the probate court in Florida, Barash's claim may fall within the probate exception to federal diversity jurisdiction. *See generally Moser v. Pollin,* 294 F.3d 335 (2d Cir.2002). This exception is triggered when "entertaining the action would cause the federal district court to 'interfere with the probate proceedings or assume general jurisdiction of the probate or control of property in the custody of the state court.'" *Id.* at 340 (quoting *Markham v. Allen,* 326 U.S. 490, 494, 66 S.Ct. 296, 90 L.Ed. 256 (1946)). As the status of the disputed promissory note is unclear under the present record, in particular whether an action to collect on the note would be "cognizable only by the probate court," under state law, *id.* at 341 (quoting *Lamberg v. Callahan,* 455 F.2d 1213, 1216 (2d Cir.1972)), we remand for further proceedings to permit the District Court to confirm the basis for its jurisdiction over Barash's suit.

 Assuming that such jurisdiction is present, we affirm the District Court's finding that N.Y. C.P.L.R. § 208 does not toll the applicable statute of limitations, because there is no evidence that Irving Kates was mentally impaired at the time

he entered into the promissory note in 1977, more than a year before he was first diagnosed with Alzheimer's disease. *See* N.Y. C.P.L.R. § 208 (providing for tolling of the statute of limitations if the "a person entitled to commence an action is under a disability because of ... insanity at the time the cause of action accrues"); *see also Phoenix Acquisition Corp. v. Campcore, Inc.,* 81 N.Y.2d 138, 143, 596 N.Y.S.2d 752, 612 N.E.2d 1219 (1993) ("The Statute of Limitations affecting a note payable upon demand, without doubt, begins to run from the date of its execution."). However, Barash may be entitled to equitable tolling or equitable estoppel under New York law based upon Irving Kates's affliction with Alzheimer's disease and the defendants' silence about the existence of the note. *See, e.g., Pearl v. City of Long Beach,* 296 F.3d 76, 81–82 (2d Cir.2002) (noting that New York courts use the two terms interchangeably to cover circumstances where a defendant fraudulently conceals the cause of action from the plaintiff or induces the plaintiff to forgo suit until after the limitations period has expired). Because the District Court did not address the availability of these equitable exceptions, we vacate the judgment and remand for further proceedings as to whether equitable tolling or equitable estoppel may apply if the District Court has jurisdiction over the suit.

For the reasons stated above, the judgment of the District Court is hereby VACATED and the matter REMANDED to permit the District Court: (1) to determine whether it may properly exercise jurisdiction over the action, and (2) whether plaintiff is entitled to equitable tolling or equitable estoppel.