Philip **BARASH**, Plaintiff–Appellant,

v.

Paul **SILER**, Eric Siler, Defendants–Appellees.

Docket No. 04–2430.

United States Court of Appeals, Second Circuit.

March 9, 2005.

**690**

Philip Barash, Muttontown, NY, for Plaintiff–Appellant, pro se.

Julie Sellers Ferguson, Page, Mrachek, Fitzgerald & Rose, P.A., West Palm Beach, FL, for Defendants–Appellees.

PRESENT: CALABRESI, CABRANES, and POOLER, Circuit Judges.

## SUMMARY ORDER

Plaintiff Philip Barash appeals from the decision of the district court (Hurley, *J.*) granting summary judgment to the defendants, and dismissing Barash's action to collect on a promissory note executed by the defendants in 1977. The district court found: 1) that the probate exception to diversity jurisdiction applied; and, alternatively 2) that the defendants were not estopped as a result of fraud or concealment from raising the statute of limitations as a defense, and, that the suit was barred by that statute. We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal. *See Barash v. Siler*, No. CV–01–7828, slip. op. (E.D.N.Y. Apr. 8, 2004).

Assuming *arguendo* that diversity jurisdiction was proper, we agree with the district court that the statute of limitations bars this case.[1] A six-year statute of limitations applies to Barash's action to collect on the promissory note. *See* N.Y. C.P.L.R. § 213. Time limitations of this kind, which are created by statute, "are [ordinarily] not tolled" under New York law "in the absence of statutory authority."[2] *See King v. Chmielewski*, 76 N.Y.2d 182, 556 N.Y.S.2d 996, 998, 556 N.E.2d 435 (1990). While defendants may be equitably estopped from raising the statute of limitations defense where they induced the plaintiff "by fraud, misrepresentations or deception to refrain from filing a timely action," *Simcuski v. Saeli*, 44 N.Y.2d 442, 406 N.Y.S.2d 259, 262, 377 N.E.2d 713 (1978), Barash has not alleged any affirmative fraud or concealment of this type. Nor—assuming *arguendo* that the statute of limitations did not begin to run until after the death of the note's original holder—has there been any showing that the defendants had a duty to bring the note's existence to the attention of the estate. *See Mars v. Diocese of Rochester*, 6 A.D.3d 1120, 775 N.Y.S.2d 681, 682 (4th Dep't 2004) (there is no duty to disclose the existence of a claim where there is no fiduciary relationship between the parties); *see also Powers Mercantile Corp. v. Feinberg*, 109 A.D.2d 117, 490 N.Y.S.2d 190, 194 (1st Dep't 1985) ("one against whom a

---

**1.** Because the question of jurisdiction in this case is one of statutory, rather than constitutional dimensions, we may assume "hypothetical jurisdiction" over the merits of the action. *See Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 816 n. 11 (2d Cir.2000).

**2.** New York Civil Practice Law and Rules § 208 will toll the applicable statute of limitations when a person "entitled to commence an action is under a disability because of … insanity at the time the cause of action accrues." In a prior appeal of this case, our court rejected Barash's argument that this statutory provision should apply. *See Barash v. Siler*, 69 Fed.Appx. 506, 508 (2d Cir.2003) (summary order).

claim exists is not under a duty to inform the claimant thereof, and the failure to so inform does not constitute fraud.") (internal quotation marks omitted).

We have considered all of Barash's arguments and find them to be without merit. We therefore AFFIRM the judgment of the district court.